LOUIS ST. MARTIN *v.* THE CITY OF NEW ORLEANS.

| 14 | 113 |
|----|-----|
| 51 | 357 |

| 14 | 113 |
|----|-----|
| 51 | 357 |

Where two legislative Acts are approved on the same day, the rule of construction applicable to different sections of the same law will apply ; the minute and particular provisions of one Act prescribing the salary of the Register of Voters in the city of New Orleans, are not repealed by a general grant of power in the other Act to the Common Council in relation to all city salaries.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Benjamin, Bradford & Finney,* for plaintiff.    *J. J. Michel,* for defendant and appellant.

MERRICK, C. J.   We adopt as our own the opinion prepared by Mr. Justice Spofford, which considers all the questions raised by counsel in the oral and written arguments in this case, and the opinion must be understood as deciding nothing else.

SPOFFORD, J.   On the 20th of March, 1856, a legislative Act was approved " providing for the registry of the names and residence of all the qualified electors of the city of New Orleans, according to Article 11th of the Constitution of the State."   Session Acts, 1856, p. 131.

On the same day, was approved an Act to amend the city charter of New Orleans.   Session Acts, 1856, p. 136.

The former Act, (section 18,) declared " that the Register shall, while in office, receive the sum of five thousand dollars *per annum,* payable quarterly ; provided, however, that the said salary may be reduced by Act of the Legislature, at any time or times after the first year of office ; and provided that such reduction shall only begin from and after the current year in which such Act is passed ; which salary shall be paid by the city of New Orleans ; and the said city of New Orleans shall provide a suitable office for the Register in the city-hall of said city."

The latter Act (sec. 126) provided, " that the Common Council shall fix the compensation of the services of every officer of the city or of the State, whose said services are, by law, to be paid by the city of New Orleans."

On the 27th of March, 1857, the Mayor of the city of New Orleans approved a resolution of the Common Council, declaring, " that from and after the 1st day of April, 1857, the salary of the Register of Voters of the city of New Orleans, shall be at the rate of eighteen hundred dollars *per annum,* payable monthly, on the ordinary pay roll of city officers.

The question is, whether the Common Council had the right to pass this resolution ; in other words, whether the legislative provisions as to the salary of the Register of Voters, were repealed by the authorization given to the Common Council in the 126th section of the amended city charter to fix the compensation of the services of officers therein referred to.

The District Judge held, that there was no repeal ; and the city has brought up the case for a revision of this judgment.

" The repeal is either express or implied : it is express when it is literally declared by a subsequent law ; it is implied when the new law contains provisions contrary to, or irreconcilable with, those of the former law."   C. C. 23.

In *Johnson* v. *Pilster,* 4 Rob. 77, it was well said that " prior laws are not repealed by subsequent ones, unless by positive enactment, or a clear repugnancy in their respective provisions.   If such be the rule in relation to laws enacted at

15

ST. MARTIN
v.
NEW ORLEANS

different periods, it applies with greater force to the several parts of a Code adopted about the same time."

As already stated, the two legislative Acts before us were approved upon the same day. The 126th section of the Charter Act can, therefore, have no greater effect in derogation of the 18th section of the Registry Act, than if it were a subsequent section of the same law. The rule laid down in Bacon's Abridgment (vol. 6, 231, verbo statute) is that "if a particular thing be given or limited in the preceding part of a statute, this shall not be altered or taken away by subsequent *general* words of the same statute." This rule was cited with approbation, and applied by Martin, J., as the organ of the court, in *Rogers* v. *Beiller*, 3 M. 672.

The minute and particular provisions of the Legislature prescribing the salary of the Register, and the only mode in which it may be changed even by the Legislature itself, cannot, we think, be held to be repealed by a subsequent *general* grant of power to the Common Council in relation to all city salaries, in an Act approved at the same time.

Judgment affirmed.