————O————

STATE OF MISSOURI, *ex rel.*, CHARLES A. PERRY, *et al.*, Relators, *vs.* GEORGE B. CLARK, STATE AUDITOR, Respondent.

1. *Mandamus—State Auditor—Lessees of Penitentiary—Labor of convicts—Acts of March 20th and 22nd, 1873.*—The Acts of March 20th and 22nd, 1873, are *in pari materia*, and must be construed together, and under them the lessees of the penitentiary are entitled to pay for convict labor on the Capitol grounds and to the State Auditor's warrant therefor.

State ex rel. v. Clark, State Auditor.

*Petition for Mandamus.*

*Sharp & Broadhead*, for Relators.

I. The two acts are *in pari materia*, and passed at the same session of the legislature, and approved within two days of each other, and ought to be construed together.

*H. Clay Ewing, Atty. General*, for Respondent.

I. On the 20th of March, 1873, the convict labor belonged to the State, and the 3rd and 4th Sections of the act of that date show, that the convict labor authorized by that act was in addition to the $10,000 appropriation, and not intended to come out of it.

II. Section 8 of the Act of March, 22nd, 1873, provides, that all personal property, belonging to the State in and about the penitentiary, shall be sold to the lessees, and payment shall be made within one year, either in cash or in the labor of said convicts.

WAGNER, Judge, delivered the opinion of the court

This is an application on the part of the relators, asking for a peremptory writ to require the auditor to draw his warrant in their favor for the sum of three thousand three hundred and twenty-one dollars and seventy-five cents, being the amount claimed for convict labor furnished by them for work on the fencing of the Capitol ground.

The return denies, that plaintiffs are entitled to a warrant under the law, and also sets up the additional defense, that the relators are indebted to the State and therefore should not have the warrant drawn in their favor.

In regard to this latter defense, however, there is a stipulation filed, signed by both parties, to the effect that a construction of the law is desired, and that, if the court be of the opinion that there is a liability against the State in relators' favor, then the writ prayed for may issue. By an act approved, March 20, 1873 (Sess. Acts 1873, p. 11,) entitled "An act to provide for the completion of the fence around the

Capitol grounds, and to appropriate money therefor," it is provided in the first section, that an appropriation of ten thousand dollars be made for the purchase of iron fencing and the completion of the fence around the Capitol grounds.

The 3rd. section provides, that all the work, that can be done by convict labor on the said fence, shall be done by such labor, and the stone shall be taken from the quarry belonging to the State.

The 4th section says, that for the completion of the work the commissioner of the permanent seat of government is authorized to employ fifty convicts from the penitentiary, and the fifth section provides, that all claims for work and labor done shall be certified by the commissioner, and the auditor shall audit the same, and draw his warrant on the State Treasury for the amount of such claim.

At the same session, by an act approved March 22nd, 1873, the legislature passed an act to lease the State Penitentiary for the period of ten years. (Sess. Acts 1873, p. 85.) Under the provisions of this act the relators became the lessees of the penitentiary; and the ninth section of the act is as follows:

"The said lessees shall be required to furnish such number of said convicts, not to exceed fifty, at any time, as the State may require, to labor upon the State grounds or works at Jefferson City, and the warden shall give the said lessees thirty days' notice, specifying the number of hands required, a reasonable number of whom shall be skilled laborers; and the said lessees shall be allowed therefor at a rate not exceeding fifty cents per day for each of said convicts while so employed; provided, that said lessees shall not be allowed or paid for such convict labor furnished the State more than $10,000 in any one year."

The two acts were passed at the same session of the legislature, they relate to the same subject matter—they are *in pari materia*, and, to arrive at the true legislative intent, they must be construed together.

By the act of March 20th, the appropriation is for the purchase of iron fencing, and the completion of the fence around

the Capitol ground. The completion of the fence includes all the necessary work, such as dressing the stone, laying it up in the wall, and doing whatever is needed to make it complete.

It was one of the requirements, that all the work that could be done by convict labor was to be done by such labor, and for that purpose the commissioner of the permanent seat of government was to employ fifty convicts, and, by the subsequent act of March 22nd, the lessees were required to furnish the fifty convicts, which they did accordingly.

Were we interpreting the act of March 20th, by itself, the conclusion would follow, that nothing was to be paid for the convict labor, because at that time the State owned the labor and controlled it. But in two days afterwards a law was passed, by which the State sold, disposed of, and transferred all this labor to the lessees, and surrendered all control of it for a consideration.

The lessees then took upon themselves the burden of providing for and clothing the convicts, and received their labor in return. The State then had no further supervision or control over the convicts, or their labor, but reserved the right to have fifty of them employed at a stipulated price.

These fifty were furnished at the request of the commissioner who superintended the work, and I have no doubt about the relators being entitled to pay for them. I therefore think the writ should be issued.

The other Judges concur, except Judge Adams, who is absent.