# Powers *v.* The State.

## *Indictment for Violating Statute for Preservation of Game.*

1. *Statute for preservation of game; sufficiency of indictment thereunder.*—The first section of the "act for the better preservation of game in Calhoun county, Alabama" (Acts of 1896-97, p. 52) makes it unlawful for a person to net or capture by netting live partridges or quail in said county at any time during the year; and, therefore, an indictment which charges that the defendant "after the 15th day of October, 1900, did

net or capture by netting live partridges or quail in said county," sufficiently states the offense condemned by said local statute.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. JOHN PELHAM.

The appellant in this case was indicted, tried and convicted for the violation of a local statute "for the better preservation of game in Calhoun county, Alabama."

The only ruling of the trial court presented for review on the present appeal is the court's overruling of the demurrer to the indictment. The facts of the case are sufficiently stated in the opinion.

MATTHEWS & WHITESIDE, for appellant, cited *McCluskey v. Cromwell*, 11 N. Y. 601; *Tynan v. Walker*, 35 Cal. 634; 23 Am. & Eng. Ency. of Law, notes 300 to 303, inclusive; *San Diego v. Granniss*, 77 Cal. 511; *Caston v. Brock*, 14 S. C. 106.

CHAS. G. BROWN, Attorney-General, for the State, cited *Thompson v. State*, 20 Ala. 54; Black on Interpretation of Statutes, pp. 70, 77, 83.

DOWDELL, J.—The appellant was indicted for a violation of a local statute entitled "An act for the better preservation of game in Calhoun county, Alabama." (Sessions Acts, 1896-97, p. 52.) The indictment charged that defendant before the finding of the indictment and after the 15th day of October, 1990, did net, or capture by netting, live partridges or quail in said county, contrary to the provisions of said act. The indictment was demurred to by the defendant on the ground that it charged no offense, inasmuch as the netting or capture by netting was done after the 15th day of October. The question thus presented involves the construction of the act in question. The act is as follows: "Sec. 1. Be it enacted by the General Assembly of Alabama, that from and after the passage of this act, it shall be unlawful to net or capture by netting, or to sell or offer for sale, any live partridge or quail captured in the county of Cal-

houn or to sell or offer for sale any live partridges or quail captured in the county of Calhoun during any time of the year, and it shall be unlawful to hunt or kill, any partridges or quail in said county from March 1st, to October 15th."

Black on the Interpretation Laws (p. 70) lays down this general rule: "Primarily, a statute is to be interpreted according to the ordinary meaning of its words and the proper grammatical effect of their arrangement in the act. But if there is any ambiguity, or if there is room for more than one interpretation, the rules of grammar will be disregarded where a too strict adherence to them would raise a repugnance or absurdity or would defeat the purpose of the legislature." On page 83 of the same work this writer says: "It is the duty of the courts to give effect, if possible, to every word of the written law. But if a word or clause be found in a statute which appears to have been inserted through inadvertence or mistake, and which is incapable of any sensible meaning, or which is repugnant to the rest of the act and tends to nullify it, and if the statute is complete and sensible without it, such words or clause may be rejected as surplusage." And on page 77 the following rule: "Clerical errors or misprints, which, if uncorrected, would render the statute unmeaning or nonsensical, or would defeat or impair its intended operation, will not vitiate the act; they will be corrected by the court and the statute read as amended, provided the true meaning is obvious and the real meaning of the legislature is apparent on the face of the whole enactment."

It was said by this court in *Thompson v. State,* 20 Ala. 54: "The inartificial manner in which many of our statutes are framed, the inaptness of expression frequently used, the want of perspicuity and precision not infrequently met with, often require the court to look less at the letter or word of the statute, than at the context, the subject matter, the consequences and effect, and the reason and spirit of the law in endeavoring to arrive at the will of the lawgiver." In this connection see also *Huffman v. State,* 29 Ala.

43, which quotes approvingly the rule of interpretation of statutes laid down in *Heydon's Case*, 3 Coke 8.

The purpose of this statute under consideration is declared in the caption to be "for the better preservation of game in Calhoun county, Alabama." In the body of the act it is apparent that two ways or means of destruction of these birds are aimed at—one of destroying by netting, the other by hunting and killing. The act would be free from doubt but for the repetition of the clause "or to sell or offer for sale any live partridges or quail captured in the county of Calhoun." Leaving this out the act would then read as follows: "Be it enacted by the General Assembly of Alabama, that from and after the passage of this act, it shall be unlawful to net or capture by netting, or to sell or offer for sale, any live partridge or quail captured in the county of Calhoun during any time of the year, and it shall be unlawful to hunt or kill, any partridge or quail in said county from March 1st, to October 15th." When so read, it seems that it would be free from any difficulty of construction; that is to say, that the destruction of quail by netting would be prohibited at any time during the year, while the destruction by hunting and killing would be limited to a period from the 1st of March to the 15th of October. We think, therefore, that the clause or phrase "or to sell or offer for sale," etc., where it occurs the second time in the body of the act should be treated and regarded as redundant and should, therefore, be rejected as mere surplusage. The latter clause of the statute which prohibits any person "to hunt or kill, any partridge or quail in said county from March 1st to October 15th," is a distinct clause and prohibits the destruction of these birds, within a given period of the year, in a manner different from that mentioned in the first clause, namely, by netting, which is inhibited at any time during the year.

The court properly overruled the demurrer, and the judgment is affirmed.