# Wilson v. The State.

*Violating Prohibition Law.*

(Decided February 3, 1914.   64 South. 509.)

*Jury; Right to Trial by; Waiver.*—Where a defendant is prosecuted for violating the prohibition law, he waives his right to a jury trial by failing to demand it in the manner provided by section 32, Acts 1909, p. 92, which is made generally applicable to such cases.

[Wilson v. The State.]

APPEAL from Andalusia City Court.

Heard before Hon. E. T. ALBRITTON.

P. O. Wilson was convicted of violating the prohibition law, and he appeals. Affirmed.

A. WHALEY, for appellant. The lower court erred in refusing to grant defendant a trial by jury.—Sec. 5, art. 1, sec. 11, art. 1, sec. 45, art. 4, Constitution; 12 Enc. P. & P. 241; Local Acts 1911, 327, sec. 12. On these same authorities the court erred in finding that the jury had been waived. The Fuller Bill does not embrace in its title the matter of trial by jury as to its criminal features, and is therefore violative of section 45, Constitution 1911.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The appellant was indicted for an offense unknown to the common and to the statutory laws existing at the time of the adoption of the Constitution of 1901, and hence, was not entitled to call to his aid section 11 of such Constitution.—*Tims v. State*, 26 Ala. 165; *Boring v. Williams*, 17 Ala. 510; *Thomas v. Bibb*, 44 Ala. 721. Unless a jury is demanded within five days it is waived. Sec. 32, Acts 1909, p. 327. The court has declared the Fuller Bill constitutional.—*Alford v. State, ex rel*, 170 Ala. 178.

WALKER, P. J.—Section 32 of the act of August 25, 1909, entitled "An act to further suppress the evils of intemperance," etc. (Acts of Ala. Sp. Sess. 1909, p. 63), specifies the time and manner of the defendant's making a demand for a trial by jury when he is prosecuted for any violation of the state's liquor laws in a court in which jury trials are provided for. As to such

prosecutions, the provision is made generally applicable.—*Moss v. State*, 3 Ala. App. 189, 58 South. 62. The provision of section 12 of the act "To create and establish the Andalusia city court of law and equity" that "in all cases of all misdemeanors the defendant may waive a trial by jury" (Local Acts of Ala. 1911, pp. 315, 327) does not purport to and does not supersede the above referred to provision of the general law as to the time and manner of the defendant's making a demand for a trial by jury in such a case as the instant one. The defendant waived the right to a trial by jury by failing to demand it in the manner provided by the statute applicable in such a case. The court did not err in so holding.

There is no error in the record.

Affirmed.

### *Violating Prohibition Law.*

