# Fletcher *v.* The State.

## *Violating Prohibition Law.*

(Decided June 18, 1914. Rehearing denied June 30, 1914.
65 South. 683.)

1. *Jury; Right to Trial by; Violating Prohibition Law.*—When prosecuted for a violation of the prohibition law, a defendant's right to demand a jury trial is governed by the provisions of the general law, Acts 1909, p. 63, commonly known as the prohibition law, and not by the provisions on that subject applicable to other cases in the court in which prosecution is pending.

2. *Same.*—Under Acts 1909, p. 63, providing that a defendant waives a right to a jury trial if the prosecution is begun in the court in which jury trials are provided, unless within five days after giving bond, he files in the case a demand for a jury, the act of a defendant in merely writing on his appearance bond, "I, Shell Fletcher, defendant in this case, prefer a jury. Sept. 8, 1913," was not a sufficient compliance therewith, as it is not made to appear when the bond was filed, or that such statement was ever filed with the clerk.

APPEAL from Andalusia City Court.

Heard before Hon. ED. T. ALBRITTON.

Shell Fletcher was convicted of violating the prohibition law, and he appeals. Affirmed.

This case was reversed and remanded by the Supreme Court, July 25, 1914, in the case of *Ex parte Fletcher,* 66 South. 148.

PARKS & PRESTWOOD, for appellant. The provisions of General Acts 1909, p. 63, so far as the City Court of Andalusia is concerned relative to a trial by jury was repealed by Local Acts 1911, p. 327.—22 Mich. 322; 109 U. S. 504; Endlich on Interpretation of Statutes, sec. 206. It was the duty of the clerk to file the appearance bond and the endorsements thereon.—Sec. 6291, 6347 and 3272, Code 1907; Local Acts 1911, p. 320; *Ex parte Hurn,* 92 Ala .102. The endorsement was sufficeint to

preserve the right of trial by jury.—*Freeman v. Bridges, et al.,* 123 Ala. 287; 6 Words & Phrases, 5498.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—As to prosecutions for violations of the state's prohibitive liquor laws, a defendant's right to demand a trial by jury is governed by the provision on the subject of the general law approved August 25, 1909, entitled "An act to further suppress the evils of intemperance," etc. (Acts Special Session 1909, p. 63, § 32), and not by a provision on that subject applicable to other classes of cases in the court in which the prosecution is pending, such as the provision for waiving a trial by jury contained in section 12 of the "act to create and establish the Andalusia city court of law and equity" (Local Acts of Ala. 1911, p. 315), which does not purport to affect or repeal the provision of the general law above referred to.—*Moss v. State,* 3 Ala. App. 189, 58 South. 62.

Under that provision of the general law, if the prosecution is begun in a court in which jury trials are provided, a defendant who gives bond waives the right to a trial by jury unless "at the time he gives bond within five days thereafter" he "file in the cause a demand for trial by jury." In the instant case the only thing that was done which was claimed to constitute a compliance with the requirement of the general statute was that the defendant wrote on his appearance bond, after the sheriff's certificate of approval thereof, the following: "I, Shell Fletcher, defendant in this case, prefer a jury. September 8, 1913." It was not made to appear when, if ever, that bond was filed in the court after that statement was written upon it, or that that statement in any

[Wynn v. The State.]

way became a part of the file in the cause. Whether what was written could or could not be construed as a demand for a trial by jury, it was ineffectual because of the failure to deposit it with the clerk, the legal custodian of papers in the cause, or to bring it to his notice, within the time allowed, for the purpose of having it filed.—*Phillips, Goldsby & Blevins v. Beene's Adm'r*, 38 Ala. 248; *Ex parte State,* 51 Ala. 69.

No error is found in the record.

Affirmed.