# CASES

IN THE

# COURT OF APPEALS OF ALABAMA

NOVEMBER TERM 1914-15.

## Frazier *v.* The State.

### *Violating Prohibition Law.*

(Decided June 30, 1914. Rehearing denied November 10, 1914.
66 South. 879.)

1. *Intoxicating Liquors; Trial by Jury; Statute.*—The provisions of sections 32 and 38, Acts 1909, p. 92, supersede provisions as to the disposition and appeal in local acts creating courts, and a county court without a jury may try one charged with violating the liquor law, and an appeal therefrom is governed by section 32 of said act, and must be taken to the circuit court where the trial by jury may be had.

2. *Jury; Right of Trial by.*—The legislature has power to require a trial of the charge in a court in which the prosecution is instituted, in which a jury trial is not provided for, and allow a trial by jury only on appeal to another court.

APPEAL from Sumter County Court.

Heard before Hon. P. B. JARMAN.

Jim Frazier was convicted of violating the prohibition law and he appeals. Appeal dismissed.

THOMAS F. SEALE, for appellant. Section 32 of the Acts of 1909, p. 92, does not make any change except as to the time in which a demand for a jury can be made, and does not repeal the provisions of the local Act creating the county court.—*Wilson v. State,* 64 South. 510, and authorities cited. If the rulings of the county court in this case are upheld they will render the law

unconstitutional.—*Witt v. State,* 130 Ala. 129; *Alford v. State,* 54 South. 213. Section 6 of the Local Act provides for a jury trial, and with that eliminated, the whole act would be unconstitutional.—*Lewis v. State,* 123 Ala. 84.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

WALKER, P. J.—If the prosecution for a violation of the state's prohibitive liquor laws is begun before a court or judge as to which or whom no provision is made for a jury trial, the court or judge, if it or he has jurisdiction to try the case and find the party charged guilty or not guilty, shall proceed with the trial, and, if the party charged is convicted, he may appeal to the circuit court or other court of record of like jurisdiction in cases of appeal from the county court or from a judgment of a justice of the peace, in such form and in such manner and subject to such restrictions as govern appeals under the Code of Alabama from such justices of the peace or county court, and the party may demand and be entitled to a jury trial in such higher court.—Acts of Alabama, Special Session 1909, pp 63, 92, § 32. The county court of Sumter is a court having jurisdiction to try such cases as the one at bar and to find the party charged guilty or not guilty, and as to which no provision is made for a jury trial.—Acts of Ala. 1898-99, p. 376; *Witt v. State,* 130 Ala. 129, 30 South. 473. As to prosecutions for violations of liquor laws, the provisions as to the disposition and appeal of cases in which a jury trial is demanded, which are made in the local act creating that court, must be regarded as superseded by the above referred to inconsistent provisions of a general statute, which (see section 38, p.

[Glover v. The State.]

96, Laws 1909, Sp. Sess.) repealed "all laws and parts of laws, general, local and special, in conflict with the provisions of this act."—*Wilson v. State,* 10 Ala. App. 156, 64 South. 509; *Moss v. State,* 3 Ala. App. 189, 58 South. 62. The Legislature has the right to require a trial of the charge in the court in which the prosecution is instituted, in which a jury trial is not provided for, and to allow a trial by jury only on appeal to another court; and this is what has been done as to the class of cases to which the instant one belongs.—*Alford v. State ex rel. Attorney General,* 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093. The conclusion is that as to such cases the provisions for a jury trial and for an appeal which govern are, not those found in the above referred to local act to regulate the trial of misdemeanors in Sumter county, but the provisions touching these matters which are found in the general statute first above mentioned. It follows that it was not error to refuse to order a transfer of the case to the circuit court before it had been tried in the court in which the prosecution was begun, and that the appeal to this court from the judgment of conviction of the county court was unauthorized, and must be dismissed.

Appeal dismissed.