# CASES

# SUPREME COURT OF ALABAMA

SPECIAL TERMS 1914.

## *Ex Parte* Fletcher, *in re* Fletcher *v.* The State.

### *Violating Prohibition Law.*

(Decided July 25, 1914. 66 South. 148.)

*Intoxicating Liquors; Jury Trial; Statute; Presumption.*—Where defendant wrote on his appearance bond, "I, Shell Fletcher, defendant in this case, prefer a jury, Sept. 8, 1913," the statement was a substantial compliance with the requirement of Acts 1909, p. 63, for a demand for a jury; it being presumed that the sheriff duly returned the bond to the clerk as required by section 6291, Code 1907, so that the demand for a jury was filed with the bond.

CERTIORARI to Court of Appeals.

Petition of Shell Fletcher for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of *Shell Fletcher v. State,* 11 Ala. App. 180, 65 South, 683. Writ granted and judgment of the Court of Appeals reversed and the cause remanded.

PARKS & PRESTWOOD, for appellant. The provisions of the Fuller bill, and the provisions of the act creating the court in which this cause was tried are in direct conflict, and the former must prevail.—109 U. S. 504; 22 Mich. 322; Endlich on Interpretation, § 216. The endorsement on the bail bond was a sufficient demand and

a sufficient filing.—*Freeman v. Bridges,* 123 Ala. 287; 6 Words & Phrases, 5498; 102 Ga. 506. Under section 6291, Code 1907, the sheriff was bound to return the bail bond and under section 3272, the clerk was bound to file it.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. For brief see the report of this case in 11 Ala. App. 180, 65 South. 683.

PER CURIAM.—We may concede, without deciding, that section 32 of the act of 1907, special session, page 63, was not repealed by the local act of 1911, page 315, and that the defendant had to demand a jury as there provided, yet we are of the opinion that the defendant substantially complied with this requirement.—*Freeman v. Bridges,* 123 Ala. 287, 26 South. 512. It is true that it affirmatively appeared in the case supra that the bond upon which the demand was made was returned and filed with the clerk, but section 6291 of the Code of 1907 required the sheriff to return the bond in question to the clerk, and, this being a ministerial act, the law presumes that the sheriff discharged his duty.— *Guesnard v. L. & N. R. R. Co.,* 76 Ala. 453; *Smith v. State,* 88 Ala. 73, 7 South. 52; Mechem on Public Officers, § 579. The Court of Appeals erred in holding that the defendant did not show a legal demand for a jury, and was therefore not entitled to one in the trial court, and the judgment of affirmance is reversed, and the cause is remanded to the Court of Appeals.

Reversed and remanded.