(80 South. 127)

## KREUTNER v. STATE. (3 Div. 307.)

(Court of Appeals of Alabama. April 9, 1918. Rehearing Denied May 14, 1918. Majority Opinion Nov. 26, 1918.)

Appeal from Circuit Court, Montgomery County; A. B. Foster, Judge.

Henry Kreutner was convicted of a violation of the Prohibitory Liquor Law, and appeals. Reversed and remanded.

See, also, 80 South. 125.

Goodwyn & McIntyre, of Montgomery, for appellant.

F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. The defendant was convicted on an indictment in the circuit court of Montgomery charging in several counts violations of the prohibition laws. The trial was before the court without the intervention of a jury, and the question of controlling importance presented by this appeal is whether the provisions of section 2 of the act approved September 28, 1915, entitled "An act to regulate and prescribe the method of securing jury trials in civil cases at law and in misdemeanors, and to prescribe how such causes shall be tried without the intervention of a jury and reviewed" (Acts 1915, pp. 939, 940), or whether the provisions of section 32 of the act approved January 23, 1915, commonly known as the enforcement law (Acts 1915, pp. 8–35), governs in respect to the waiver of trial by jury in this case. If the case is governed by the act of September 28th, it is conceded that the rulings of the trial court with respect to defendant's demand for trial by jury were erroneous and must work a reversal of the judgment. On the other hand, if the failure to demand a trial by jury as required by section 32 of the enforcement statute effected a waiver by the defendant of the right of trial by jury, and that statute is applicable to trials for violations of the prohibition laws of this state in the circuit courts, then the rulings of the court were correct.

The enforcement law was first enacted by the Legislature at the special session 1909 (page 63), and was commonly known as the "Fuller Law," and was re-enacted by the Legislature of 1915. Section 32 of the act of 1915 is an exact copy of the same section found in the act of 1909, and is in the following language:

"That all prosecutions for a violation of any provision of this act, or of any other act, now or hereafter enacted, for the suppression of the evils of intemperance, or of an act to promote temperance and to suppress the evils of intemperance, and to prohibit the manufacture, sale, offering for sale, keeping or having for sale or otherwise disposing of prohibited liquors and beverages and keeping unlawful drinking places may be begun by affidavit as well as by indictment and that when begun by affidavit the person charged shall not have the right to demand that a grand jury shall prefer indictment for the alleged offense, but the prosecution may continue no matter in what court or before what judge the trial shall be had upon the affidavit upon which it was originally begun, and the said affidavit or any complaint that may be filed in such prosecution may be amended to meet the end of justice and to prevent a dismissal of the case upon any informality, irregularity or technicality. *If the prosecution is begun in a court in which jury trials are provided for, the defendant may at the time he gives bond or within five days thereafter file in the cause a demand for trial by jury, or if he does not give bond he may within five days after his arrest file in the court a demand for a jury trial, in which event such jury trial shall be allowed.* If the prosecution is begun before a court or judge as to which or whom no provision is made for a jury trial, the court or judge of it or he has jurisdiction to try the case and to find a party charged guilty or not guilty, shall proceed with the trial, and if the party charged is convicted, he may appeal to the circuit court or other court of record of like jurisdiction in the county, having jurisdiction in cases of appeal from the county court or from a judgment of a justice of the peace, in such form and in such manner and subject to such restrictions as govern appeals under the Code of Alabama from such justices of the peace or county court, and the party may demand and be entitled to a jury trial in such higher court under the same terms and conditions that jury trials are obtainable in cases of appeals from such justices of the peace or county court to said circuit court or other court of like jurisdiction; but this section shall not alter the practice in respect to any preliminary proceeding, authorized by law before a justice of the peace. Nor is it intended hereby to take away from the circuit court of any county any exclusive jurisdiction it may have to try cases against and to punish violators of prohibitory liquor laws, and any circuit court that may have exclusive jurisdiction of any law applicable to the county to try cases against and to punish violators of prohibitory or other anti-liquor laws shall continue to have its present jurisdiction, and shall have such exclusive jurisdiction of violations of this act or of acts hereinabove referred to and all other laws of this state for the suppression of intemperance and the promotion of temperance." Acts 1915, § 32, p. 32.

We have italicized the pertinent provisions of this section that relate to the demands for trial by jury. Appellant's first contention is that the statute does not provide that the failure to demand trial by jury as there provided operates to waive the right of trial by jury. This provision of the statute as it appeared in the Fuller Law was construed by this court in Moss v. State, 3 Ala. App. 191, 58 South. 63, where it was said:

"The defendant not having demanded a trial by jury within the time allowed for that pur-

pose by the general law which was applicable, the court was not in error in adjudging that he [the defendant] had waived the right to a trial by jury."

And in subsequent decisions, both this court and the Supreme Court, give this statute a like interpretation. Wilson v. State, 10 Ala. App. 156, 64 South. 509; Alford v. State ex rel. Attorney General, 170 Ala. 178, 54 South. 213; Hauser v. State, 6 Ala. App. 31, 60 South. 549; Fletcher v. State, 11 Ala. App. 180, 65 South. 683; s. c., 188 Ala. 1, 66 South. 148; Frazier v. State, 11 Ala. App. 286, 66 South. 879; Brown v. State, ante, p. 29, 75 South. 174; s. c. reviewed by Supreme Court, 200 Ala. 697, 76 South. 995; Baader v. State, 201 Ala. 76, 77 South. 370. All of these decisions except the two last cited antedate the adoption of the statute by the Legislature of 1915, so, if there was room for doubt as to the effect of failure to demand a trial by jury as required by the statute, this doubt has been removed by the subsequent adoption of the statute without change, which under the repeated rulings of the courts effected an adoption of the statute, together with the construction given to it by the courts. Huffman v. State, 29 Ala. 40; Anthony v. State, 29 Ala. 27; Ex parte Banks, 28 Ala. 28.

The next contention of appellant is that while there was a field of operation for both of these statutes, when the latter was passed, the provisions of section 32 of the enforcement law were only applicable to trials in courts other than the circuit courts of the state, and that the latter statute must be construed to govern in the trial of all misdemeanor cases in the circuit court, including prosecutions for violations of the prohibition laws. This contention necessarily contemplates that an exception must be written into one or the other of these statutes by judicial interpretation, and of course, because it suits his case, he insists that the exception should be written into the act of January 23d, so as to make that act apply to the trial of prosecutions for violations of the prohibition law in all courts except the circuit courts. The reason urged as a basis for this interpretation is that these statutes, dealing as they do with the waiver of the right of trial by jury, must be liberally construed in favor of the accused, and strictly against the state, and that the act of September 28, 1915, is more liberal in respect to the time allowed to the accused for filing a request for trial by jury, than the act of January 23d; the contention being that the one allows the accused 30 days, while the other only allows 5 days, to file the request for trial by jury.

For the purpose of showing that appellant's premise is not correct, we parallel the provisions of the two statutes:

| The act of September 28, 1915, provides: | The act of January 23, 1915, provides: |
|---|---|
| "That the issue and question of fact shall be tried by the judge of the court without the intervention of a jury, except in causes where a trial by jury is demanded in writing by the defendant, and such written demand filed in the cause with the clerk of the court on, or before the first sounding of the cause if the cause is sounded within thirty days after the defendant has been arrested or taken into custody after the finding of the indictment, * * * and if such cause is not sounded within thirty days after the defendant has * * * been arrested or taken into custody after the finding of the indictment, then such written demand must be filed with the clerk within thirty days after the defendant has * * * been arrested or taken into custody after the finding of the indictment." Acts 1915, p. 940, § 2. | "If the prosecution is begun in a court in which jury trials are provided for, the defendant may at the time he *gives bond or within five days thereafter* file in the cause a demand for trial by jury, or if he does not give bond he may within five days after his arrest file in the court a demand for a jury trial, in which event such jury trial shall be allowed." Acts 1915, p. 32, § 32. |

Under the act of September 28, 1915, if the "cause is sounded," the next moment after the defendant "has been arrested or taken into custody," and before he has opportunity to employ and consult counsel, and he then fails to file a written demand for trial by jury, he waives his right of trial by jury; while, under the act of January 23d, he has 5 days after he is arrested to file a demand for trial by jury. Under the act of September 28th, in no case is the accused entitled to more than 30 days to file a demand for trial by jury, while under the provisions of the act of January 23d, under certain circumstances, he may have more than 30 days. To illustrate, if the accused is arrested and is unable to furnish bail immediately, but after 30 days or any other time gives bail, he has 5 days thereafter to demand a trial by jury. So if the question as to which of the two statutes is the more liberal to the accused in respect to the time allowed should influence their application, we are of opinion that the act of January 23d, as a whole, is the more liberal. However this may be, we are of the opinion that this is not the true criterion to be applied, but rather think that the question is one of legislative intent.

If the construction of the act of January 23d contended for by the appellant, that the provision of this act applies only to courts other than the circuit court, be adopted, the conclusion cannot be escaped that the result is a complete abrogation of this statute, because, as a matter of law, only the circuit courts are now authorized to afford a trial by jury in such cases.

·The act of September 28th deals generally with the subject of waiver of trial by jury in both civil and criminal cases, and was passed at the same session of the Legislature as the act of January 23d. There is no repealing clause in the act last passed, so the question is: Can it be said that from a comparison of the two acts in question, in the light of the political history of the state and the evils that prompted the enactment of the drastic yet wholesome laws for the promotion of temperance and the suppression of the evils of intemperance, the Legislature intended to repeal the act of January 23, 1915, or any part thereof?

It is manifest from the title and body of the act of January 23d, as it appears in the act of 1915, as well as in the previous acts of 1909, that its sole purpose is to meet the contention so often urged against the laws prohibiting the manufacture, sale, or other unlawful disposition of intoxicating liquors —that such laws are unwise and undesirable because they cannot be enforced, and therefore result in breeding crime—and its design is to accomplish the enforcement of these laws. This statute is special in its purpose and design, and specific in its nature and effect, while the other is general in its provisions, and the principles applicable are so well stated in the case next cited that we quote what is there said:

" 'As laws are presumed to be passed with deliberation and with full knowledge of all existing ones on the subject, it is but reasonable to conclude that in passing a statute it was not intended to interfere with or abrogate any former law relating to the same matter, unless the repugnancy between the two is not only irreconcilable, but also clear and convincing, and following necessarily from the language used, unless the latter act fully embraces the subject-matter of the earlier, or unless the reason for the earlier act is beyond peradventure removed. Hence every effort must be used to make all acts stand, and if, by any reasonable construction, they can be reconciled, the later act will not operate as a repeal of the earlier.' 23 Am. & Eng. Ency. of Law, pp. 489–492. Being thus largely a question of intention, the presumption against a repeal by implication is stronger when the earlier act deals specifically with one subject or particular class of subjects, and the later one deals wth many subjects in a general way and by general reference to them collectively, which embrace the one subject of the first statute but without particular reference thereto. As here, for instance, the act of February 7th was addressed to the one business of building and loan associations, while the later act covered, in the most general terms, all businesses, trades, occupations, and professions; and it would seem to be unreasonable to suppose that the Legislature intended by these broad terms, in the setting down of which their attention was not directed to any particular business, or to the particular business of building and loan associations, to repeal the law having specific and direct reference to that business alone. The question would seem to come direct-

ly within the doctrine declared by this court that, 'where the intention of the Legislature is not apparent to that purpose (and it is not here), the general words of another and later statute shall not repeal the particular provisions of a former one; the maxim of the law being, generalia specialibus non derogant.' Iverson v. State, 52 Ala. 170. The same principle is declared in Magruder v. State, 40 Ala. 349, where Dwarris is quoted approvingly to the effect that, 'when the law descends to particulars, such more special provisions must be understood as exceptions to any general rules laid down to the contrary; and the general rules must not (vice versa) be alleged in confutation of the special provisions.' And it is upon this principle that the Supreme Court of Pennsylvania held that a statute forbidding the opening of a road or street through any burial ground is not repealed nor suspended by a subsequent law extending the boundaries of a town and authorizing the town officials 'to survey and lay out and mark the lines of such streets, roads, lanes and alleys as they shall deem necessary within said limits.' And the court thus illustrates the point: 'Suppose a general law should be passed, prohibiting railroad companies thereafter to be chartered from taking dwelling houses, could it be pretended that this prohibition would not apply to a company whose act of incorporation authorized them to construct their road from point to point by such route as they might select? Surely not; and yet in principle there would be little, if any, difference between such a case, and the one under consideration.' Egypt Street, 2 Grant's Cases [Pa.] 454.

"And the argument and inference against repeal in the case before us is strengthened by the consideration that both these acts were passed at the same session of the Legislature; that on the 7th of February the Legislature, having its attention specially directed simply to the business of building and loan associations, deliberately declared that business should not be subject to municipal license taxation, while in the act passed 14 days subsequently the same legislators, without having their attention drawn to this business, but referring in the most general terms to 'businesses, trades, occupations and professions,' authorized the taxation of them by the city in a sweeping clause of a statute dealing with the whole subject of the municipal rights, duties, and powers of the city of Montgomery. It cannot in this case be reasonably concluded that the Legislature intended thus, without its attention being directed to the matter and without reference to it, to undo what they so recently and so deliberately and specifically had done; but, on the other hand, the rule is, unless the contrary is made to appear, that they intended that both acts should stand and be construed together. Thus it is said in a note on page 491 of 23 Am. & Eng. Ency. of Law: 'The question of implied repeal is one of intention, and, where two acts are passed at the same session of the Legislature on the same subject, it shows an intent that one is not repealed by the other, but that they are to be construed together,' citing the following cases which support the text: Curtwright v. Crow, 44 Mo. App. 563; State v. Clarke, 54 Mo. 216; Barton v. School Dist. [3 Idaho (Hasb.) 270] 29 Pac. Rep. 43; Commr. v. Huntley [156 Mass. 236] 30 N. E. Rep. 1127 [15 L. R. A. 839]. And to the same effect is

the following declaration of the New York Court of Appeals: 'It is hardly to be presumed that the Legislature would repeal an act passed but 14 days before, and if they had intended to do so they probably would have said so in some appropriate language, and would not have left it to mere inference.' And it was accordingly held that both acts were in force, and they were construed together. Powers v. Shepard, 48 N. Y. 540. And so the minute and particular provisions of one act prescribing the salary of a certain officer of a city are not repealed or affected by the provisions of another act approved the same day, giving to the common council power in relation to all city salaries. St. Martin v. New Orleans, 14 La. Ann. 113. And of the same nature was the decision against the repeal of a provision in an earlier act that the omission of the holder of a certificate of purchase under a tax sale to give notice might extend the period of redemption beyond two years, by a subsequent statute limiting in general terms the period of redemption to two years. Gaston v. Merriam, 33 Minn. 271 [22 N. W. 614].

"The general principle is based, and these adjudications proceed, upon the theory that the intention of the lawmakers must be effectuated, and the courts, to that end, must, if possible, find a field for the operation of both statutes so that both can stand, and, to this end also, when two statutes are passed at the same session of the Legislature they must be construed together; the presumption being in such case that the Legislature intended that both should stand, and that the earlier should not be repealed by the later." City Council of Montgomery v. National Bldg. & Loan Assn., 108 Ala. pp. 342, 345, 18 South. 816, 819.

"Special provisions relating to specific subjects control general provisions relating to general subjects. The things specially treated will be considered as exceptions to the general provisions when a specific subject has been specially provided for by law, and will not be considered as repealed by a subsequent law which deals with a general subject in a general way, though the specific subject and the special provisions may be included in a general subject and general provisions." City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 South. 159; Pepper v. Horn et al., 197 Ala. 395, 73 South. 46; Board of Revenue v. Johnson (Sup.) 76 South. 859;[1] Moss v. State, supra; Parker v. Hubbard, 64 Ala. 203; Riggs v. Brewer, 64 Ala. 283; Iverson v. State, 52 Ala. 170; Camp v. State, 27 Ala. 53; Gilmore v. State, 125 Ala. 59, 28 South. 382.

Notwithstanding all courts wherein trials by jury were authorized have been consolidated with and merged into the circuit courts of the state, there is still a field of operation for both statutes. The enforcement act is applicable to and governs in the specific class of misdemeanors dealt with in that act —prosecutions for the violation of the laws to promote temperance and to suppress the evils of intemperance—while the other statute is applicable to all other misdemeanor cases, and when the principles stated above are applied, there is no room for holding that the enforcement law is repealed by the later act. This specific application of the provisions of the Fuller Law relating to demanding a trial by jury was made by this court in Moss v. State, supra; Fletcher v. State, supra; Wilson v. State, supra; Frazier v. State, supra. And by the Supreme Court in Ex parte Fletcher, 188 Ala. 1, 66 South. 148, and Baader v. State, supra. It is the duty of the court to apply the statute to every case clearly within the mischief intended to be remedied, where its words are broad enough to embrace such case. Huffman v. State, supra; Cocciola v. Wood-Dickerson Supply Co., 136 Ala. 536, 33 South. 856; Powers v. State, 129 Ala. 128, 29 South. 784.

Another reason that prevents the application of the doctrine of implied repeal is that there is no room for the contention that the legislative intent to repeal in its entirety the enforcement act, or even the whole of section 32 of that act, and to effect a repeal by implication of that part of the section relating to the waiver of trial by jury—it would be necessary to dismember the statute and extirpate from the body of section 32 those provisions which would leave the act incomplete. That the Legislature manifested no such intent in the enactment of the later statute there can be no doubt.

In the motion to quash the indictment, the defendant sets up matters dehors the record, and, if there is anything in the points taken, it does not appear that any proof was offered to sustain the grounds of the motion; hence it cannot be said that the court erred in overruling the motion. McMillan v. State, 75 South. 824;[2] Garrett v. State, 97 Ala. 18, 14 South. 327; Smith v. State, 142 Ala. 14, 39 South. 329; Rudolph v. State, 172 Ala. 378, 55 South. 610.

The judgment of conviction and sentence was entered on the 24th day of October, 1917, and on this date the defendant caused an entry to be made of record that he appealed from the judgment and thereby obtained a suspension of sentence, as provided in Acts of 1915, § 7, p. 712. The motion for a new trial was not filed until the 2d of November thereafter. Under the rulings of this court, the effect of the entry of the judgment was to remove the cause from the circuit court to this court, and thereafter the circuit court had no jurisdiction to entertain and grant the motion for new trial. Sherman v. State, 15 Ala. App. 175, 72 South. 755; Ex parte Sherman, 198 Ala. 694, 73 South. 1002; De Bardeleben v. State, ante, p. 367, 77 South. 979.

We find no error in the record, and the judgment is affirmed.

Affirmed.

BRICKEN, J. (dissenting). I am unable to yield my assent to the opinion of the majority in this case.

This cause should be reversed for two reasons: The defendant was deprived of his

---

[1] 200 Ala. 533.

[2] Ante, p. 148.

right of trial by jury, and the evidence was insufficient to support a conviction. I see no escape from the conclusion that the defendant was entitled to a trial by jury. The second section of the act of the Legislature approved September 28, 1915, is as follows:

"That in all misdemeanor causes in the circuit court, the issue and question of fact shall be tried by the judge of the court without the intervention of a jury except in causes where a trial by jury is demanded in writing by the defendant, and such written demand filed in the cause with the clerk of the court on, or before the first sounding of the cause if the cause is sounded within thirty days after the defendant has been arrested or taken into custody after the finding of the indictment, or within thirty days after the defendant has appealed if the cause is brought to the circuit court by appeal, and if such cause is not sounded within thirty days after the defendant has appealed or been arrested or taken into custody after the finding of the indictment, then such written demand must be filed with the clerk within thirty days after the defendant has appealed or been arrested or taken into custody after the filing of the indictment, a failure to demand in writing a trial by jury as herein provided shall be held and deemed to be a waiver by the defendant of a trial by jury." Acts 1915, p. 940.

The court holds that this act does not mean what it says and does not apply to "all misdemeanor causes in the circuit court," because of the provision of law found in the thirty-second paragraph of the act of the Legislature of January 23, 1915, a copy of which paragraph is set out in full in the opinion of the court. The court then proceeds to insert, by way of construction, into the act of September 28, 1915, a clause which makes that act read as though the Legislature had said "that in all misdemeanor causes in the circuit court, *except prohibition causes*," etc. In italics is the clause which has been added to the act of September 28th by the decision of the court in this case.

Neither reason nor authority can justify this decision. The act of September 28, 1915, is a remedial act passed, as the proceedings of the Legislature show, to take the place of a multitude of practice acts, and to make the procedure upon the subject of the act—a waiver of trial by jury in all misdemeanor causes in the circuit court—uniform. See Report of Recess Committee on Judiciary.

The language used by the Legislature in the act of September 28th is clear, certain, and unambiguous. A rule of procedure upon the subject of the waiver of jury trials in all misdemeanor causes in the circuit court is laid down in plain, simple language, without qualification, exception, or limitation. The legislative will is expressed as unmistakably as human language can express it, and when this is the case, and when we are dealing with a remedial statute, the duty of the court is plain. The court should accept the act as the Legislature has seen fit to write it.

Where the act, as is the case here, is free from any sort of ambiguity or uncertainty, no other course is left open to the court except to declare the will of the Legislature to be the law, as that will has been expressed. Southern Express Co. v. Brickman & Co., 187 Ala. 637, 65 South. 954; Fuller v. American Supply Co., 185 Ala. 512, 64 South. 549; Thomason v. Court of County Commissioners, 184 Ala. 28, 63 South. 87; State v. Lamar, 178 Ala. 77, 59 South. 473; Blake v. State, 178 Ala. 407, 59 South. 623; Ex parte Herrington, 87 Ala. 1, 5 South. 831.

The act of September 28, 1915, should be liberally construed, not only because it is a remedial act, but even for a still greater reason, because it concerns a citizen's constitutional right of trial by jury. No restricted meaning or limitation should be placed upon its language; but, on the contrary, it should receive a liberal construction in favor of the defendant and against the state. As broad a scope should be given to the act of September 28th in favor of a defendant and against the state as its language will permit. If the Legislature by an act or a series of acts has left in doubt the question whether a defendant has waived his constitutional right of trial by jury, the law requires the court to resolve the doubt in favor of the defendant. As was said in Curlee v. State, 75 South. 268, by Brown, P. J., speaking for the court:

"The statute, which deprives the defendant of the constitutional right of trial by jury upon failure to make demand therefor within a specified time, will be strictly construed against the state, and liberally in favor of the accused."

This rule can mean but one thing: The Legislature must, in its acts limiting the citizens' constitutional right of trial by jury in criminal cases, remove the matter beyond doubt and uncertainty, and, if the Legislature fails to do this, the doubts will be resolved against the state and in favor of the defendant.

Let us apply this to the case in hand. In the act of January 23d, one charged with violation of the prohibition law is allowed 5 days within which to demand a trial by jury. In the act of September 28th, one charged with a misdemeanor in the circuit court has a longer time than this, though not more than 30 days, within which to demand a trial by jury. A violation of the prohibition law is a misdemeanor, and an indictment for the same is returned in the circuit court. Is it a matter of reasonable doubt which act applies to a cause such as we have before us? If it is, then the law requires the court to adopt the more liberal of the two acts, to construe the law strictly against the state, and liberally in favor of the accused. In the opinion of the court, the reverse of this has been adopted as the rule of construction.

The Legislature, however, has not left this matter even in doubt. There can be but one

meaning placed upon the language of the act of September 28, 1915. It lays down in unmistakable language a rule of procedure for "all misdemeanor causes in the circuit court," and therefore for violations of the prohibition law, prosecuted in that court. The act of January 23d does not even render doubtful the meaning of the act of September 28th, applying the most technical rules of statutory construction to the two acts. The decisions cited by the court, and the quotations found in the opinion of the court, when properly considered, fail to support the conclusion announced. The act of September 28th is as special and specific in its nature and effect as an act can be. It "fully embraces the subject-matter of the earlier" act with regard to the waiver of jury trials in "all misdemeanor causes in the circuit court," and, being the last expression of the legislative will upon this subject, takes precedence over the earlier act. City Council of Montgomery v. National Bldg. & Loan Ass'n, 108 Ala. 336, 18 South. 816; Ex parte Herrington, supra.

Nor can it with justice be argued that the act of September 28th, when accepted precisely as the Legislature has written it, impairs or affects in any material respect the act of January 23d, or renders more difficult the enforcement of the prohibition law. The reasoning of the court upon this aspect of the case is without merit and without any foundation of fact to rest upon. In order to give effect to the act of September 28th, without reading into it an exception or limitation repugnant to its very language, it is not necessary to declare that the provision found in paragraph 32 of the act of January 23d was repealed thereby. On January 23d, the act of this date operated in all the nisi prius courts of the state, including the circuit court. All of these courts were in existence on September 28, 1915, and continued in existence until January, 1917. By the act of September 28th, "all misdemeanor causes in the circuit court," as far as the defendant's right to a trial by jury was concerned, became the subject of special, specific, and detailed legislative regulation. After this date, each of these acts had a field of operation. The one regulated the procedure relating to a demand for a jury trial in the circuit court, "in all misdemeanor causes," and therefore prohibition prosecutions, and the other regulated this procedure for prohibition causes in all the other numerous courts of the state. The circuit courts were withdrawn from the influence of the provision of law in paragraph 32 of the act of January 23d, though this provision was not repealed thereby. A field of operation was left for the act of January 23d, without distorting or limiting the plain and simple language of the act of September 28th. State v. Southern Express Co., 164 Ala.

529, 51 South. 159; Ferguson v. Com. Court of Jackson County, 187 Ala. 645, 65 South. 1028.

Every consideration and every sound principle of statutory construction would uphold, in its entirety, the act of September 28th, and the interpolation into that act of the exception placed there by the court is nothing more or less than judicial legislation.

The evidence was insufficient to support the judgment of conviction. Oldacre v. State, ante, p. 151, 75 South. 827; Fair v. State, ante, p. 152, 75 South. 828; Newell v. State, ante, p. 77, 75 South. 625.

For the reasons herein stated, I cannot agree with the court in its conclusion in this case.

### Majority Opinion.

SAMFORD, J. This cause is reversed and remanded on authority of the Supreme Court ruling in Kreutner v. State, 80 South. 125.