(80 South. 133)

### STATE ex rel. RAMBOW v. HENRY, County Treasurer. (6 Div. 510.)

(Court of Appeals of Alabama. June 4, 1918. Rehearing Denied June 24, 1918.)

1. STATUTES ⚭167(2) — REPEAL OF LOCAL ACT BY CODE.

By Code 1907, § 10, a local statute was not repealed by adoption of the Code, either directly or by implication.

2. WITNESSES ⚭32—COMPENSATION—REGISTERING CLAIM.

Claim against fine and forfeiture fund of Jefferson county for fees as witness before grand jury, in case where defendant was never put upon trial, was barred under Acts 1882–83, p. 543, where not registered with county treasurer within year from time when the certificate of attendance before grand jury was entitled to registration under Code 1907, § 6661.

Appeal from Circuit Court, Jefferson County; H. A. Sharpe, Judge.

Mandamus by the State of Alabama, on the relation of C. T. Rambow, against M. V. Henry, as Treasurer of Jefferson County. From judgment for respondent, petitioner appeals. Affirmed.

Certiorari denied 80 South. 134.

Allen, Bell & Sadler, of Birmingham, for appellant.

W. K. Terry, of Birmingham, for appellee.

SAMFORD, J. At the time of the issuance of the certificate of attendance before the grand jury, in 1892, which certificate is made the basis of this suit, it was provided (Code 1886, § 4887) that fees of witnesses summoned by the state to appear before the grand jury must be taxed against the defendant if he was convicted, but if the defendant was not convicted, or the indictment

---

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

was withdrawn and filed, or prosecution abated, or if costs were imposed on defendant and execution returned, "No property found," or if no indictment was returned by the grand jury, or if nol. pros. was entered, such fees must be paid by the county, in the manner specified in section 4889. By section 4886 of the Code 1886, it was provided that witnesses in criminal cases were entitled to the same fees as in civil cases. But it will be observed, in cases where the defendant was never put upon trial, no provision was made for the payment of the witness fees of the state's witnesses. Hence, although the witness had attended, and was entitled under the law to his fees, he could never be paid. The Legislature seems to have noted this unfairness, and in Acts 1896 and 1897, p. 17, passed an act providing that in all cases where there had been indictments found by the grand juries, and the defendant had not been arrested within three years from the date of the indictment, the fees due state's witnesses should become charges against the fine and forfeiture fund of the county, but expressly providing that the act should apply only to claims accruing after the passage of that act. Section 1 of this act was carried into the Code of 1907 as section 6661, which section, as adopted in the Code, omits the proviso in the original act, and, as these witnesses were by law entitled to fees as such and only lacked a mode of enforcement, it would appear that the lawmakers were undertaking to do tardy justice to that class of witnesses that had been so discriminated against by the earlier acts. But this remedy is not without its limitations.

[1] At the time of the adoption of the Code of 1907, there was in force a local statute applicable to Jefferson and Monroe counties (Acts 1882–83, p. 543), which provides that all claims against and payable out of the fine and forfeiture fund shall be registered with the county treasurer, within 12 months from the time they become payable, or they shall be forever barred, and shall not be register-

ed. This act was not repealed by the adoption of the Code, either directly or by implication. Code 1907, § 10; Kreutner v. State, 80 South. 127, and authorities there cited. Section 6661 of the Code then made fees due state's witnesses for their attendance and mileage before grand juries, in cases where indictments were found and defendants were not arrested within three years from date of indictment, charges (or claims) against the fine and forfeiture funds of the several counties, and in Jefferson and Monroe counties with the proviso that such claims should be registered within 12 months from the time they became claims against and payable out of said fund.

[2] Until the adoption of the Code of 1907, while the petitioner was entitled to his fees as prescribed by law, such fees were not a claim against or payable out of any fund. After the adoption of the Code, it became a claim against a specific fund, and payment was provided for, and from that date the statute of one year began to run. The amount owing the petitioner for fees as a witness before the grand jury as evidenced by the certificate of the foreman dated September term, 1892, became a charge against the fine and forfeiture fund, upon the adoption of the Code of 1907. Section 6663 of the Code provides the necessary certificate to make "said claims" charges, thereby recognizing such fees as claims and charges, although the clerk had not affixed the certificate necessary to registration, so that they could be legally paid out of the designated fund. Section 6 of the act of 1883 can only mean that claims against the fine and forfeiture fund shall be barred, unless registered within one year from the time when the certificate was entitled to registration. This question was presented by the pleadings. It therefore follows that the trial court did not err in denying the relief sought.

There is no error in the record, and the judgment is affirmed.

Affirmed.