### THE STATE *v.* JULIA CUSTER.

If there be two statutes relating to the same subject, and the latter contains no repealing clause, and there is no positive repugnancy between them, both may be in force. But, if there be such repugnancy, the latter will operate as a repeal of the former. Hence the Act of 1866, ch. 42, in relation to vagrancy is a repeal of the 43d section of the 34th chapter of the Revised Code, which relates to the same subject, because the two statutes differ materially as to the punishment of the offence of vagrancy, the Revised Code prescribing a fine *and* imprisonment *and* security for good behavior, while the Act of 1866, ch. 4, declares that the Court *may* fine, or imprison, or both, or sentence the party to the work-house.

In the Act of 1866, ch. 42, which prescribes "that if any person who may be able to labor, has no apparent means of subsistence, and neglects to apply himself to some honest occupation for the support of himself and his family, if he have one ; or, if any person shall be found spending his time in dissipation, or gaming, or sauntering about without employment, &c., the word "*or*," in the beginning of the second paragraph must be construed "*and.*"

An indictment for vagrancy, under the Act of 1866, ch. 42, must charge that the defendant was able to labor, and that he or she neglected to apply him or herself to some honest occupation. And in charging that he or she was endeavoring to maintain him or herself by any undue or unlawful means, it must state what the undue or unlawful means are.

A special verdict, on an indictment for vagrancy, under the Act of 1866, ch. 42, which finds that the defendant "was frequently seen sauntering about and endeavoring to maintain herself by whoring," entitled her to a judgment of not guilty, as the verdict finds that she was *endeavoring* to do something wrong, and not that she did it, and the thing she was endeavoring to do, was something immoral only, and not unlawful.

This was an indictment tried at the last Term of EDGE-COMBE Superior Court, before his Honor, *Judge Jones.*

The indictment charged " that Julia Custer, late of the County of Edgecombe, with force and arms, at, &c., on the 30th day of April, 1870, and constantly from that time to the taking of this inquisition, was found unlawfully saunter-ing about and endeavoring to maintain herself by gaming or other undue means, with no apparent means of subsis-tence, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State." Upon the trial, the jury found the following special verdict :

" That the defendant, Julia Custer, on the 30th day of April, 1870, and constantly from that time to the finding the indictment, and for many months next preceding, had no apparent means of subsistence, and wholly neglected ap-plying herself to any honest calling for the support of her-self; that during the said period the said Julia Custer was frequently seen idly sauntering about in the County of Edge-combe, and endeavoring to maintain herself by whoring." Upon this verdict the Court adjudged that the defendant was not guilty, and the Solicitor, Martin, appealed.

*Attorney General,* for the State.
No counsel, *contra.*

RODMAN, J. The subject of vagrancy is governed altogether by statute. There are two of this State which must be considered for the decision of this case. The indict-ment follows closely the language of S. 43, ch. 34, Rev. Code; and as this differs somewhat from the subsequent act of 1866, (ch. 42, p. 61,) it becomes necessary to inquire whether the latter act is a repeal of the first. The last contains no clause of express repeal; and the rule in such cases is, that if there be no positive repugnancy, it will be

held that the Legislature intended that both should be in force. In the description of the offence in the two statutes, there is a slight difference in words, but we can perceive no substantial difference in meaning. Both provide that a Justice of the Peace may issue a warrant and bind the defendant over to Court, where he may be indicted. But the act of 1866 differs from Rev. Code in *expressly* declaring vagrancy a misdemeanor, and therefore indictable without any preliminary proceedings before a Justice. If it were material, probably, we should so hold under the Revised Code. But as we consider the section in the Rev. Code repealed, it is not material. The most important difference in the two statutes, is in the punishment. By the Revised Code it is required that the convict "*shall* be fined, and be also imprisoned for the space of twenty days, *and* be required to give security for his good behavior for such time as the Court shall adjudge." Whereas, by the act of 1866, "upon conviction the Court *may* fine, *or* imprison him, or both, or sentence him to the work house for such time as the Court may think fit." The two punishments for the same offence are inconsistent; under the first statute, fine *and* imprisonment for twenty days are imperative; under the second, the punishment may be fine *or* imprisonment, *or* the work house. We think the two statutes cannot stand together, and consider the second a repeal of the first.

The second question is, whether the indictment can be sustained under the act of 1866. We think it cannot be. And the same objections which are fatal to it, considering it drawn under this act, would be equally applicable if the act in the Revised Code was in force, and the indictment had been drawn under that act as it seems to have been.

The statute defines vagrants under five descriptions:

1. " Any person who may be able to labor and has no apparent means of subsistence, and neglects to apply himself

to some honest occupation for the support of himself and his family, if he have one;

2. Or shall be found spending his time in dissipation;

3. Or gaming;

4. Or sauntering about without employment;

5. Or endeavoring to maintain himself or his family by any undue or unlawful means, shall be deemed a vagrant," &c.

We think that the description of persons expressed in the first of these paragraphs must be held to extend through the whole sentence, and that the word " or " in the second paragraph must be read " and." Otherwise it would follow, among other things, that any person whatever " sauntering about without employment," although he might have ample means of subsistence, or might generally be engaged in an honest occupation, would be a vagrant. Now the indictment does not charge that the defendant was able to labor, or that she neglected to apply herself to some honest occupation. It fails, therefore, to bring the defendant within the description of the statute.

2. The indictment charges that the defendant " endeavored to maintain herself by gaming or other undue means." We think it is deficient in the certainty required in the description of the offence. It is not allowable to charge that a defendant committed one offence, or some other offence. Wharton Crim. Law, s. 294-295. Nor would it be sufficient to say " by other undue means;" the particular means must be alleged, in order that the Court may see that they were " undue." These defects would cause the Court to arrest the judgment, if the defendant had been found guilty by a general verdict. But the defendant is entitled to require the decision of the Court upon the effect of the special verdict. We concur with the Judge below, that upon that verdict the defendant was entitled to be declared not guilty. The verdict finds that the defendant " was frequently seen sauntering about and endeavoring to maintain herself by

whoring;" as a question of morals, no one will doubt that prostitution is an undue means of self-maintenance.

But in a Court of law, and for the construction of a penal statute, "undue" cannot be held to mean merely immoral; it can only mean unlawful. Courts of law are not authorized to guard private morals, or to act *"pro salute animæ."* Prostitution is not an indictable offence at common law, unless it be so public as to be a nuisance; nor is it made so by s. 45, ch. 34, of the Rev. Code. Moreover, it is not found that the defendant committed prostitution, her endeavors might have been ineffectual. In a special verdict we are not at liberty to infer anything not directly found.

The judgment below is affirmed. Let this opinion be certified.

PER CURIAM.                         Judgment affirmed.