State vs. Philbin.

## No. 9803.

### THE STATE OF LOUISIANA VS. DAVID PHILBIN ET AL.

Where a statute uses the words "wilfully *or* maliciously" to qualify the act therein declared an offense, the indictment may charge the act as "wilfully *and* maliciously" done; or it suffices if it is charged as wilfully done or as maliciously done, using either of the qualifying words alone.

Where a common law crime, such as murder, forgery, or the like, is denounced by a statute *by name*, *indictments for* such crime should be charged in the words and qualifications prescribed by the common law for indictments for such offenses.

When, however, a statute denounces a certain act or acts an offense and specifically describes the act, though such offense may bear a close relation to a well known common law offense, and belong to the same species, the offense thus declared is properly a statutory offense, and may be charged in the language of the statute.

An indictment, under Sec. 843, for setting fire to and burning an outhouse, etc., charging that it was done "feloniously, unlawfully and maliciously," is valid.

APPEAL from the Criminal District Court for the Parish of Orleans. *Baker*, J.

*M. J. Cunningham*, Attorney General, and *Lionel Adams*, District Attorney, for the State, Appellee:

Where the defense denounced by the statute consists in wilfully or maliciously setting fire to and burning a building, the indictment may charge the burning to have been done "feloniously, unlawfully and maliciously." It is permissible, but not essential, to set out that the criminal act was both wilful and malicious. 1 Bish. C. Proc. §§ 436, 434, 558; Bish. on Stat. Crimes, § 244; Whart. Cr. P. and P. §§ 228, 162, 163.

### *F. B. Earhart* for Defendants and Appellants:

The crime of arson, in this State, is the "wilful and malicious burning of the house of another." State vs. Fulord, 33 Ann. 683.

In Louisiana, the Supreme Court holds that the generic term of arson is included in Secs. 841, 842, 843, R. S., La.; 33 Ann. 683.

The commission of any one of the distinct offenses enumerated in these sections constitutes the crime of arson. 33 Ann. 683.

Arson being a common law offense, this Court holds in an indictment for the commission of a common law offense, under a statute: "It is insufficient to charge in the statutory terms alone, but must be charged with all the essential averments of the common law for the same offense here." State vs. Flint, 33 Ann. 1292, and authorities there cited by Justice Fenner on rehearing; Bishop's Cr. Proc. vol. 1, par. 599, 600, p. 365, 3d edition; Bishop's Stat. Crimes, 2d ed., par. 88, p. ; 76 *Ib.* pp. 115 to 132; Bishop's Crim. Pro., vol. 1, par. 339; State vs. Hannett, 54 V. p. 83; C. L. Mag., vol. 4, p. 272; State vs. Bradley, Del. Gen. Sessions, Crim. Law Mag., vol. 1, p. 796.

Wilfully and maliciously. These words cannot be supplied in the indictment by "feloniously, unlawfully and wilfully." Bishop's Crim. Pro., 3d ed., par. 613, p. 373; 34 N. H. 510; 13 Allen, 554; 108 Mass. 487; B. C. P., vol. 2, pars. 42, 43, 44, pp. 19, 20.

Where the statutory words were "feloniously, unlawfully and maliciously," and those in the indictment were "feloniously, voluntarily and maliciously," the variance was held to be fatal. Rex vs. Reader. 4 Carr & P. 245; Rex vs. Turner, 1 Moody, 239.

The word *or*, in Secs. 841, 842, 843, R. S. of La., means *and*. Should read in the indictment, "wilfully and maliciously." This word *or* is construed *and* in the case of State vs. Mitchell, 5 Iredell Rep. N. C., p 350; State vs. Price, 37 Ann. 219.

State vs. Philbin.

Justice Poché, organ of the court, in State vs. Williams, 37 Ann. 777, says a serious difference of opinion may exist on the proposition that the word "wilfully" is synonymous with the words "feloniously" and "of his malice aforethought." It may so be said of the words "unlawfully" and "wilfully."

Arson is defined at common law to be the voluntary and malicious burning of the house of another. 3 Inst., 66; 1 Leach, 245; Chitty's Crim. Law, vol. 3, ed. of 1841, p. 1120.

It must be wilful and malicious. 1 Hale, 509; 2 East. P. C. 1019; Chitty's Crim. Law, vol. 3, p. 1120.

In the indictment at common law the terms voluntarily (or wilfully) and maliciously are requisite. 2 East. P. C. 1021; Chitty's Crim. Law, vol. 3, 1124, 1125; Rex vs. Reader, 4 Carr & Payne, 245. As to form of indictment: Chitty's Crim. Law, vol. 3, p. 1127; Wharton C. L., pars. 625, 1673; Wharton's Precedents, Indictments and Pleas, 3d ed., vol. 1, p. 389, et seq.

The case of Chapman vs. Com., 5 W. 427, is not in point. This was not common law arson, but the burning of a barrack of hay or grain. A barrack is not a house or barn, but a thatched roof erected over a rick of grain.

The opinion of the Court was delivered by

TODD, J. The defendants were sentenced to seven years' imprisonment at hard labor.

The indictment under which they were tried and convicted charged that the defendants "did feloniously, unlawfully and maliciously set fire to and burn a certain building * * * known as Hill's soda water manufactory," etc.

A motion in arrest of judgment was made. The ground of the motion was substantially, that the offense charged was the crime of arson at common law, and that the indictment in charging that the act was done feloniously, *unlawfully* and maliciously, was insufficient in law, and that the offense being arson the bill should have charged that the setting fire to or burning was done feloniously, *wilfully* and maliciously, in conformity to the requirements of the common law.

This indictment purports to be based on Section 843 of the Revised Statutes.

Section 841, R. S., declares that "every person who shall wilfully *or* maliciously set fire to or burn a house * * * in the night time, in which a human being is usually staying, * *. * shall suffer," etc.

Section 842 provides that "whoever shall wilfully *or* maliciously set fire to or burn any house * * * in the day time * * * shall suffer," etc.

Section 843 declares in substance that whoever shall wilfully or maliciously set fire to or burn an outhouse or other building not used as a dwelling, shall suffer, etc.

If the indictment in this instance can be considered as charging a statutory offense under any one of the above named sections, the language, or words therein used, viz: "feloniously, unlawfully and mali-

cously," would be sufficient. Wharton Cr. P. and P., § 228; 1 Bishop Cr. Pro., § 436; Bishop Statutory Crimes, § 244; State vs. Price, 37 Ann. 218.

For, as settled by these authorities, where the words qualifying the act constituting the offense are in the alternative, or separated by the disjunctive "or," they may be joined by the conjunctive "and," or it will suffice to use in the indictment one only of the qualifying words. As for instance, in this case where the words of the statute are "wilfully" or "maliciously," they may be set forth in the bill "wilfully" and "maliciously," or the indictment may charge that the act was wilfully done or that it was maliciously done—using either of the qualifying words alone.

This indictment charges that the act was feloniously, unlawfully and maliciously done; and since the word "maliciously" is used, it is enough, and the word unlawfully may be regarded as surplusage; that is, provided that in this instance it is sufficient to follow the language of the statute.

But the counsel for the accused contend that the offense for which the defendant is prosecuted, is the crime of arson at common law, and that the indictment must conform strictly to the forms and words prescribed by the common law in indictments for that crime, and refers us to a decision of this Court, State vs. Flint, 33 Ann. 1292, in support of his contention. That was the case of an indictment for forgery, and we did hold in that case that the common law form for the prosecution of that crime must be followed in this State. The reason for such a ruling was that our statute relating to that offense simply denounced the crime of forgery substantially by name only, without defining the crime or declaring what act or acts would constitute the offense. So, if the crime of arson had been denounced by the statute without descriptive words of the act or acts that constituted it, then resort would have to be made to the common law for rules to guide in the prosecution of it; and the case, in such event, would come strictly within the rule laid down in the Flint case above mentioned. But it is altogether different in this instance. The statutes above referred to, on one of which this prosecution is founded, do not denounce eo nomine the crime of arson, they do not contain the word "arson," but they declare certain acts— which are specifically described under varying conditions—as so many offenses subject to different punishments; and these offenses, thus declared, though relating to the same subject as arson—the setting fire to and burning buildings and like structures—differ in one or more essential particulars from that crime, as defined by the common law.

When acts, thus specifically described, are declared offenses, and the penalties prescribed by statute, they are really statutory offenses; and are to be charged not according to the strict requirements of the common law, but the indictment may follow the language of the statute or statutes.

The counsel, however, refers us to the case of the State vs. Fulford, 33 Ann. 683, as ruling that the offense declared by the statute under which this prosecution was instituted was the crime of arson, as known to the common law. The party in that case was indicted under the same statute that we are now considering and a plea of the prescription of one year was interposed in bar of the proceeding, and in dealing with that plea, it was stated by the organ of the Court that the offenses declared in these statutes against setting fire to and burning houses, etc., were included in the generic term of arson, and were different grades of that offense. In one sense this is entirely true, since such an act of burning, in common parlance, is termed or called arson. But the question now presented was not before the Court in that case, and the Court nowhere said in that opinion that the acts denounced in any one of these statutes constituted the crime of arson as defined by the common law.

Judgment affirmed.