THE STATE v. JAMES ROBERTS.

An erection, consisting of posts, nine or ten feet apart, on which near the top were nailed slats, placed along the side of a road and separating it from a cultivated field, but which did not connect with any other fence or protection from such field, is not such a fence or enclosure as is protected from injury by § 1062 *The Code*

This is a CRIMINAL ACTION, which was tried before *Merrimon, J.,* at June Term, 1888, of DURHAM Superior Court.

The indictment charges that the defendant " did, on the 5th day of April, 1888, unlawfully and wilfully pull down, injure and remove a part of a fence surrounding and about a cultivated field of Zachary Dickey," &c.

The jurors find the following special verdict: " That in said county, on the first day of April, 1888, Zachary Dickey,

the prosecuting witness, being in the actual possession of the land, erected along the side of a private or neighborhood road, which ran between his land and that of the defendant's father, posts three feet high, placed nine or ten feet apart, on the sides of which, near the top, were nailed slats. This line of posts or slats was about one hundred and thirty-five yards long, and came within two feet of prosecutor's pasture fence on the east end and adjoining no other fence or wall on the west end by sixty yards. In the field along the side of which this line of fence was built prosecutor Dickey had cultivated tobacco in the year 1887 and had wheat growing at the time of building the fence. In the road was a stump and hole, and travelers had been, before this fence was built, for several years in the habit of turning out on prosecutor's land for a sufficient distance to avoid said stump. The fence extended to a point three panels length beyond that point of the road where the stump stood and crossed the parcel of land on which travelers had sometimes turned out, as already stated. This fence was erected to prevent persons from riding and driving on prosecutor's land and trampling on his crops in said fields. Previous to erecting said fence people had walked on prosecutor's crops planted in said field alongside said road. In this territory the stock or no-fence law prevailed in April, 1888, and before the passage of said law the prosecutor had had a fence all around said field, but shortly after its passage had removed said fence. The fence described above was, at the time of the acts complained of, the only enclosure around or about the field (except the pasture fence on the east side). On April 5th the defendant injured and removed part of said fence by knocking off one slat and one end of another with an ax. There was sufficient room on the side of the road opposite to prosecutor's field for vehicles to pass and avoid the stump without going on cultivated or cleared

ground. Defendant was walking and could have gotten over or under the fence without removing or injuring it.

If upon these facts the Court be of opinion that the defendant is guilty, then the jury so find for their verdict; but if the Court be of a contrary opinion, then the jury for their verdict find the defendant not guilty."

Upon the rendition of this verdict the Court adjudged the defendant not guilty and ordered that he be discharged· The Solicitor for the State appealed.

*Attorney General* and *E. C. Smith, Esq.*, for the State.
No counsel for the defendant.

DAVIS, J. (after stating the case.) Section 1062 of *The Code*, under which the defendant is indicted, declares that " if any person shall    *    *    *.    *    unlawfully and wilfully burn, destroy, pull down, injure or remove any fence, wall, or other enclosure, or any part thereof, surrounding or about any yard, garden, cultivated field or pasture    *    *    *    * every person so offending shall be guilty of a misdemeanor."

The defendant is charged in the indictment with injuring and removing " a part of a fence surrounding and about a cultivated field," &c.   Was the fence described in the special verdict "surrounding *or* about any    *    *    cultivated field " within the meaning of the statute ?   Was it an " enclosure " or any part of an " enclosure"?   Was it intended to " inclose or shut up" the field ?   It was certainly not *surrounding* any cultivated field.   It is within the observation of all persons who have traveled over our country roads that obstructions such as posts, felled trees, &c., are frequently made use of to prevent travelers from turning out of the road to avoid bad places, and we think such obstructions would not constitute " fences or walls or enclosures " within the meaning of the statute, and yet it is apparent that it was for just such purpose—not to *enclose* the field—that the posts and slats in

question were intended. They were intended, not to enclose or surround the field, but to prevent travelers from trespassing on the land by turning out of the road to avoid the stump and hole in the road. It was not a "fence, wall or other enclosure" "surrounding or about" a cultivated field within the meaning of the statute, nor a "fence *surrounding*" any field at all, as charged in the indictment.

There is no error.                           Affirmed.