THE STATE v. WILLIAM BIGGERS et al.

*Statutes, Repeal and Construction—Fences—Indictment - Jurisdiction.*

1. There is no repugnancy or conflict between chapter 516, Laws 1889, and section 1062 of *The Code.* The latter statute was enacted to protect *enclosures* made by fences, walls. etc., while the former was passed to protect the *fences* there mentioned erected *on the land*, irrespective of the fact whether they completely surrounded or enclosed it. or any part of it. In an indictment under the latter it is necessary to aver and prove that the fence or wall surrounded or enclosed the field, or other premises enumerated therein, while under the former no such averment is required. Of the latter the Superior Court has original jurisdiction: of the former a Justice of the Peace has original jurisdiction.

2. An indictment which charges that the defendant did cut and destroy "a wire fence enclosing a pasture" may be maintained under *The Code,* § 1062.

3. An older statute will not be held to be repealed by a later one by implication, unless the two are irreconcilably inconsistent.

INDICTMENT, tried at Fall Term, 1890, of CABARRUS Superior Court, before *Bynum, J.*

The defendants were found guilty. There was a motion in arrest of judgment on the following grounds:.

"First. It appeared that the offence was committed in May, 1889, and the indictment was found at Fall Term, 1889, and the Superior Court did not have jurisdiction of the offence when the bill was found, or when judgment was to be pronounced.

"Secondly. That there were two statutes in reference to the same offence—section 1062 of *The Code,* and the Act of 1889, ch. 516—and the one of subsequent date changes the punishment of the same, and the indictment does not by proper averment refer to the statute under which it was found, so that the Court can see the measure of punishment to be inflicted."

Motion in arrest allowed, and the Court gave judgment discharging the defendants, and the State appealed.

*The Attorney General,* for the State.
*Mr. W. J. Montgomery* (by brief), for defendants.

AVERY, J.: The General Assembly of North Carolina passed an Act (Laws of 1889, ch. 516) which took effect June 1st, 1889, and contained the following provisions:

"SECTION 1. That any person who shall willfully destroy, cut or injure any part of a wire fence situated on the land of another shall be guilty of a misdemeanor, and upon conviction thereof shall be imprisoned not exceeding thirty days or fined not exceeding fifty dollars.

"SEC. 2. That a fence composed partly of wire and partly of wood shall, for the purpose of this act, be deemed and taken to be a wire fence."

*The Code,* § 1062, contains the provision that "any person who shall unlawfully and willfully burn, destroy, pull down, injure or remove any fence, wall or other enclosure, or any part thereof, surrounding or about any yard, garden, cultivated field or pasture, or any church, grave-yard, factory or other house in which machinery is used, shall be guilty of a

misdemeanor." By limiting the punishment as prescribed in the Constitution (Art. 14, § 27) the offence created by the former act was brought within the jurisdiction of a Justice of the Peace, while that enacted by *The Code* is cognizable in the Superior Court. This indictment was found in the Superior Court and charged that the defendants,."with force and arms at and in the county aforesaid, a certain wire fence (enclosing a pasture) several hundred yards long, the property of H. C. Lefler then and there situate, unlawfully, willfully and violently did cut and destroy for the space and distance of two or three hundred yards, and that the said William Biggers, James Day, John Biggers and M. C. Biggers, the said wire fence above described, by the means aforesaid did then and there unlawfully and willfully greatly injure, deface and damage," etc.

The rule laid down in this Court in *State* v. *Wise*, 66 N. C., 120, was that where the Legislature had passed two acts in reference to the same offence, and the later act changes the punishment, the indictment must, by proper averment, refer to the statute under which it was found, so that the Court may see the exact character of the offence and the nature and measure of the punishment to be imposed. The Act of 1889 does not refer to section 1062 of *The Code*, and does not purport upon its face to amend it, nor are the provisions of the former act repugnant to those of the previous statute. Though a wire fence may be included in the generic term "fence," the Act of 1846 (*The Code*, § 1062) was passed to protect enclosures made by stone walls, palings, or in any other way, around cultivated fields, pastures, churches or grave-yards, while the later act manifestly might have been, and probably was, intended to protect fences made in the ordinary way by fastening wire to wooden posts, and erected as a barrier against trespassers on one side of a piece of land, while on the other three sides no impediment is placed in the way of those who would enter upon it. To constitute

the offence created by the later act, it is not necessary that the land should be completely surrounded or enclosed, but it is sufficient if the wire fencing injured or destroyed be situate upon the land. Should the owner of a piece of wood land, abutting on a public or private highway, erect of wire and posts, instead of using slats, an obstruction like that described in the case of *State* v. *Roberts*, 101 N. C., 744, any person injuring or destroying it would now be guilty of a misdemeanor, cognizable in the Court of a Justice of the Peace, but the facts agreed upon in the case would not now, any more than in the year 1888, sustain a charge of injuring a fence enclosing land preferred in the Superior Court, unless it were averred and proven that it surrounded a cultivated field, a pasture, a church or a grave-yard. Indeed, it is not improbable that the opinion in that case, published in the fall of the year 1888, suggested the propriety of allowing land-holders to protect their land against trespassers by the use of wire fences.

The indictment charges the cutting, destroying and injuring of a wire fence "enclosing a pasture," and the State was bound to prove the averment as made that the fence did enclose a pasture. On the other hand, no such averment is necessary in the indictment under the Act of 1889, and though it might lie in a case where a wire fence in fact surrounded a field or pasture, it would be as unnecessary to aver that as to set forth the fact that a wire fence enclosed a piece of woodland.

Where two statutes are not in conflict, it is familiar learning that an indictment is often so drawn that it may be sustained under either, just as it often happens that an indictment may be held good as a charge of the statutory offence, or the offence growing out of the same transaction at common law. There is no conflict between the two enactments. The later act was passed to protect land-owners against a wrong that the Court had declared was not indictable under

the previous act.  The principle (stated in *State* v. *Long,* 78 N. C., 571, and approved in *State* v. *Williams,* 97 N. C., 456) that the repeal of an act pending a prosecution for the offence created under it arrests the proceeding and withdraws all authority to pronounce judgment, even after conviction, has no application in our case, because the two statutes are not repugnant, and there was no necessity for a clause saving indictments already pending, unless there had been some conflict.  A later statute is held to repeal by implication an older enactment with which it is irreconcilably inconsistent to the extent of such repugnancy; but the two must be reconciled, if it can be done by any fair construction.  *State* v. *Massey,* 103 N. C., 358; *State* v. *Custer,* 65 N. C., 339.

We attach no importance to the fact that the Act of 1889 went into effect on 1st of June, 1889, and that the indictment was found at the Fall Term, 1889, and the appeal being by the State from an order arresting judgment, we cannot look beyond the record and take notice of the testimony offered.

We think the indictment is good under section 1062 of *The Code,* which is not modified or repealed in whole or in part by the Act of 1889.  The bill being otherwise in the usual form, or containing all that is essential of approved precedents used in indictments under the provisions of *The Code* referred to, it is not material that a particular kind of fence was specified instead of using the generic term.  The the words "enclosing a pasture," in the connection in which they appear in the bill, constitute a sufficient averment that the fence injured or destroyed surrounded and enclosed a pasture.

There was no ground for arresting the judgment, and, therefore, the judgment of the Court below is reversed.

Reversed.