(92 South. 641)

## HALL v. DE KALB COUNTY.   (7 Div. 280.)

(Supreme Court of Alabama.   April 6, 1922.)

**1. Appeal and error ⚖⇒1091(1)—Demand for jury on appeal bond presumed to have been filed in circuit court within 10 days after as required.**

Where the parties appealing from a judgment of the justice of the peace indorsed on the appeal bond a demand for jury trial, it is presumed, in the absence of evidence to the contrary, that the justice filed the bond in the circuit court within 10 days as required by Code 1907, § 4716, so that the demand for jury trial was filed in the circuit court within 10 days after suing out the appeal as required by Acts of 1915, p. 940.

**2. Highways ⚖⇒151(1)—In rule permitting failure of road duty to be "excused by the overseer and proceeded against as a defaulter," "and" held to mean "or."**

Within a rule of the commissioners' court providing as to work in lieu of a wheel tax that failure of road duty "may be excused by the overseer and proceeded against as a road defaulter," the word "and" is clearly shown by the context to mean "or" and it can be given such meaning when the context shows it was used in the disjunctive instead of the conjunctive.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, And.]

**3. Highways ⚖⇒151(1)—Work done with overseer's consent at different place than that at which person liable is warned to work in lieu of wheel tax held to present a defense thereto.**

The rules of the commissioners' court requiring a party to do work at the time and place he was warned to work or pay the sum of $10, but providing that failure of duty may be excused by the overseer, who has authority to contract with persons liable for road duty for work to be done in lieu of all work or license tax due, gave a wide discretion and authority to the overseer to waive irregularity in doing roadwork, so that, where one liable for a wheel tax failed to do the work in lieu thereof at the required place work done at another place with the consent of the overseer presents a defense thereto.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action by De Kalb County against L. A. Hall to recover of him the wagon or buggy license levied by the court of county commissioners of said county. Judgment for the plaintiff, and the defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

The defendant elected to do road duty under the rules and regulations laid down by the commissioners' court in lieu of paying the license tax as provided by section 22 of the rules and regulations, and did do such road duty, but on a road different from the one to which he was appointed, but it was shown without dispute that he did work on another road, it seems with the consent of the overseer or suboverseer.

Isbell & Scott, of Ft. Payne, for appellant.

The court erred in transferring the case to the nonjury docket after written demand for jury trial indorsed on the appeal bond. Acts 1915, p. 939; 188 Ala. 1, 66 South. 148. The defendant had worked out his wheel tax and was therefore not required to pay license.

---

Baker & Baker, of Ft. Payne, for appellee.

There was no error in denying the jury trial as section 4722, Code 1907, is not repealed by Acts 1915, p. 939. Courts of county commissioners have unlimited jurisdiction and power as to roads and bridges. Acts 1915, p. 373. The rules and regulations enacted by them were valid. 15 Ala. App. 654, 74 South. 752; 189 Ala. 164, 66 South. 464; 186 Ala. 611, 65 South. 163.

THOMAS, J. The trial was first had in the justice court, and appeal to the circuit court was duly taken. When the bond prescribed on appeal was filed in the justice court and approved on May 3, 1921, it bore the indorsement thereon, "The defendant demands a jury for the trial of this case," stating the names of attorneys for defendant.

[1] The appeal was taken when the bond with sufficient sureties (Jacobs v. Goodwater Graphite Co., 205 Ala. 112, 87 South. 363) was lodged with the justice of the peace, and was perfected when approved, and the proper papers were filed with the clerk of the circuit court by such justice of the peace. This latter date is not shown by the record or by the evidence on the motion. It is provided by statute that in such appeal cases a jury must be demanded in writing within 10 days from the time of suing out the appeal. Acts 1915, p. 939. The appeal was sued out when the bond with sufficient surety, containing the indorsement in question, was lodged with the justice of the peace on the date we have indicated. The statutory requirements that are pertinent to a trial in the circuit court on appeal are:

"In all causes in the circuit court brought by appeal or certiorari from judgments of justices of the peace or other inferior courts the issue and question of fact shall be tried by the judge of the court without the intervention of a jury unless a demand for a trial by jury be made in writing and filed in the cause by the party suing out the appeal or certiorari within ten days after suing out the same, or filed in the cause by the opposite party within ten days after he has been served with notice of the appeal or certiorari. The failure to demand in writing a jury trial as herein provided shall be deemed and held a waiver of the right of a trial by jury, and either party demanding a trial by jury shall not have the right to withdraw such demand without the consent of the opposite party." Acts 1915, p. 940.

The failure of the record or evidence (affirmatively) to show that the bond with a demand for jury trial indorsed thereon was filed in the circuit court "within ten days after suing" out the appeal did not render such demand nugatory, since the presumption indulged in Ex parte Fletcher, 188 Ala. 1, 66 South. 148, applies. The justice had no longer time than 10 days in which to make his return to the circuit court (Code, § 4716;

Milazzo v. Comm. Finance Co., 202 Ala. 328, 80 South. 410), and without evidence to the contrary the presumption is that he did this. There was error in disregarding appellant's due demand in writing for a jury trial.

It may be well to answer the inquiry propounded by appellant, viz.: "Could the county through its [road] overseer waive the irregularity of appellant working at the wrong place" on the public highway of the county "by telling him to go ahead and work there," at such other place as he did, and by his so working to pay his "wheel tax"? Section 15 of the rules adopted by the commissioners' court requires the party to work "at the same time and place he is warned to work. or pay in lieu thereof the sum of $10 to be paid to the section overseer at or before the time he is warned to work on the road to which the said hand is apportioned.

[2] By section 16 failure of duty "may be excused by the overseer and proceeded against as a road defaulter." The meaning of the word "and" in this rule is shown by the context to be "or." It has been said in other jurisdictions that criminal statutes may be so read when the context shows that "and" was used in a disjunctive rather than conjunctive sense. State v. Brandt, 41 Iowa, 593; State v. Smith, 46 Iowa, 670; Rolland v. Com., 82 Pa. 306, 22 Am. Rep. 758; State v. Pool, 74 N. C. 402; Bollin v. Shiner, 12 Pa. 205; State v. Custer, 65 N. C. 339; State v. Kerr, 3 N. D. 523, 58 N. W. 27; State v. Philbin, 38 La. Ann. 964; Pollock v. The Laura (D. C.) 5 Fed. 133; U. S. v. Moore (D. C.) 104 Fed. 78; Fowler v. Padget, 7 Term R. 509. In section 17 the overseer is given the authority to "excuse defaulters on showing a good excuse," etc.; and section 22 gives the authority to section overseers to contract with persons liable for road duty, or who are due any vehicle or license tax, for work to be done in lieu of all work or license tax due by the party.

[3] This would indicate a wide discretion and authority conferred on such official to waive the irregularity of appellant's working as he did to discharge his duty to the municipality, working with full knowledge of the superior official of the county in his vicinity or precinct at another and different place than that to which he was first assigned. That is to say, the authority is conferred by the road law or rules made by the commissioners' court to meet the needs of the required work on public thoroughfares of the county, and to exercise judgment and discretion in accord with the justice of the case in dealing with the citizenship subject to duty thereon or tax therefor, in the discharge of such public duty or the failure thereof. A simple act of justice and the exercise of a sound discretion to a citizen required to discharge the public service in question would forbid the same authority to excuse the failure in the first instance or to

accept in lieu thereof work at another place or time, and yet to punish the citizen so working for the original failure, if so excused by the overseer. Otherwise stated, after due compensation to the county by personal services, in lieu of wheel tax, rendered on defendant's best and direct road to market, with the full knowledge and authority of the superior overseer, there was presented a question of defense for the jury. The cause is reversed for a jury trial. See Hill v. Moody, post, p. 325, 93 South. 422.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.