148 So. 330

## WILLIS v. LEWIS.
### 2 Div. 499.

Court of Appeals of Alabama.
Feb. 14, 1933.

Rehearing Denied March 7, 1933.

Affirmed.

S. F. Hobbs, of Selma, for appellant.

Ivey F. Lewis, of Birmingham, for appellee.

**SAMFORD, Judge.**

Lewis (appellee here) brought suit in the justice court of Harry T. Collins, against one Tom Bell, claiming a certain mare and foal, here involved, as his property. The above suit was filed about December 15, 1927, and tried by the justice some few days after Christmas, or some time in January, 1928. It appears that in December, 1927, the justice (as he expresses it, sitting in equity) heard the plaintiff's side and continued the case to a later date in January when he heard the other side, Lewis in the meantime being absent. The justice on this point testified: "This trial was had before the court on its equity side. I was sitting in equity. There never was a law trial. * * * I never have any trials at law." A judgment was entered in favor of Tom Bell, but the date of this judgment is uncertain and on this point the evidence is in conflict. Immediately after the decision was rendered the justice wrote to Lewis, the plaintiff, informing him of the result. Where Lewis lived or how long it would take the mail to reach him, or when it did reach him does not appear. In "a few days," the exact number being uncertain, the justice received from Lewis an appeal bond, and in a few days the justice forwarded the bond to the circuit court. The bond was filed in the circuit court February 14, 1928, and the whole file has now been lost.

. Some time after the judgment in the justice court, Willis (appellant here) asked Collins, the justice of the peace, about the case of Lewis v. Bell and he was told by Collins that the decision was in favor of Bell and that no appeal had been taken. Thereupon Willis purchased the mare and foal from Bell and resold the mare to Bell's wife, who was a tenant on his place.

On October 3, 1928, the appeal was heard in the circuit court and judgment rendered for Lewis for the property sued for and damages. On executing the writ the sheriff delivered the mare and colt to Lewis, who retained possession, and was so in possession at the time of the bringing of this suit. Willis knew of the claim of Lewis, was present at the trial in the justice court and was present at the trial on appeal in the circuit court, and as a friend of Bell's with the permission of the court, participated in the trial, to the

extent of assisting in the examination of witnesses.

■■ The case resolves itself into the following questions: (1) Was there a hiatus in the proceedings in the case of Lewis v. Bell on account of a failure on Lewis' part to perfect his appeal from the judgment in the justice court within five days as is required by section 8777 of the Code of 1923? If the appeal bond was not given within the five days, then the appeal was subject to dismissal on the motion of Bell. Union Mut. Ins. Co. v. Robinson, 216 Ala. 527, 113 So. 587. A failure by Bell to raise this question on the trial in the circuit court would be binding on him and he could not afterwards take advantage of it. It seems that this question was not raised by Bell on the trial of the appeal case and as to him it is waived.

■ (2) The controlling legal question then arises, as to how far and to what extent is Willis bound by the waiver of Bell. Did Willis purchase the property from Bell within the five days allowed for appeal from the judgment rendered by the justice of the peace? This we think was a question for the jury and was so properly submitted to them. If Willis did purchase the property after the lapse of five days from the rendition of the judgment in the justice of the peace court, did he acquire title as against this defendant who was the plaintiff in that suit?

■ The doctrine of lis pendens is for the purpose of preserving the property involved in the suit and is based upon the necessity that there be an end of litigation. 38 Corpus Juris 9 (5). Where a purchase is made with actual notice of the pendency of a suit relating thereto, there is no question but that the person acquiring the right takes subject to the judgment or decree. 38 Corpus Juris 9 (7). This status remains until the termination of the suit. Willis, as purchaser from Bell, acquired the property subject to the rights of Lewis, and he only got such title as Bell had. Willis had full and actual knowledge of all the facts, both as to the suit in the court of the justice of the peace and of the trial of the case de novo in the circuit court on appeal, where he appeared with Bell and if not as his attorney, certainly as his agent, in the examination of witnesses. If such was a fact, he must have known that the appeal bond from the justice court had not been given within the five days allowed by law. The cause was allowed to proceed to judgment without this point having been raised. It must, therefore, here be presumed that the proceedings taking the appeal were as to taking and filing the appeal bond in all things regular. Ex parte Fletcher, 188 Ala. 1, 66 So. 148; Hall v. De Kalb County, 207 Ala. 275, 92 So. 641. Being in privity with Bell, this plaintiff is bound by the judgment in the case of Lewis v. Bell on appeal, under a doc-

trine similar to that of res judicata, which is based upon the necessity that there may be an end of litigation. 38 Corpus Juris 9 (5); McAllister v. Catchings, 210 Ala. 392, 98 So. 303.

■ The above questions have been passed upon in view of the fact that an affirmance of this judgment requires another trial in the court below. There is, however, another reason why the judgment must be affirmed. One of the grounds for the new trial was that the verdict was contrary to the evidence. This placed upon the trial judge the duty of weighing the evidence. He had all the parties before him, heard them testify, observed their manner on the stand, and, generally, was in a better position to pass upon this question than are we. According to the conclusion of the trial judge in this matter, the presumption to which it is entitled, his decision must be affirmed. Cobb v. Malone et al., 92 Ala. 630, 9 So. 738.

The judgment is affirmed.

Affirmed.