70 So.2d 829

**Ex parte WILSON.**

**6 Div. 817.**

Court of Appeals of Alabama.

March 3, 1954.

Jerry O. Lorant, Birmingham, for petitioner.

London & Yancey, Bibb Allen, Birmingham, for respondent.

CARR, Presiding Judge.

On February 5, 1953, the plaintiff recovered judgment against the defendant in the Intermediate Civil Court of Birmingham, Alabama. On February 16 the defendant filed a motion for a new trial. The motion was set for hearing on March 6.

On February 23 the trial judge entered an order dismissing the motion for a new trial. For aught appearing from the record this action was taken ex mero motu. On this latter date the defendant perfected an appeal to the circuit court. The cause was duly docketed and came up for trial on May 26. The attorneys of record agreed to a continuance, and an order was entered in accordance with this agreement.

The case was again called for trial on September 9. At this time the plaintiff in the intermediate court filed a motion in the circuit court to dismiss the appeal. The position was taken that the appeal was not perfected within ten days from final judgment as the local act required. The motion was overruled.

The cause is in this court on a petition for writ of mandamus praying that an order be made directing the judge of the circuit court to vacate and set aside his order denying and overruling the motion to dismiss the appeal.

We are invited to approach this review in two aspects.

The respondent contends in effect that the pendency of the motion for a new trial suspended the final judgment in the intermediate civil court and the cause was retained in fieri. He insists, therefore, that the time ·for taking the appeal began to run on the date the motion was dismissed.

The insistence is made also that by appearing and agreeing to a continuance of the cause at its first call in the circuit court the petitioner here waived his right to effectively sustain the motion to dismiss the appeal at the subsequent setting of the case.

We think the second position is meritorious. It is decisive of this appeal, so we will respond thereto without declaring our view on the other question.

In the case of Willis v. Lewis, 25 Ala. App. 369, 148 So. 330, one of the parties failed to file the appeal bond within the time required by law. We held that unless this omission was raised in the circuit court there was a waiver and it could not be tak-.en advantage of subsequently.

Rule 13 of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction, Title 7 Appendix, p. 1027, Code 1940, provides:

"A motion to quash an attachment, appeal, or process, must be made at the first session at which it can be made, and not afterwards."

Long before the adoption of this rule, in Jenkins v. Cauley, 1 Stew. 61, the Supreme Court held that a motion to dismiss an appeal from a judgment in justice of the peace court because of the insufficiency of the appeal bond came too late if made after the term of the court to which the appeal was taken.

See also, Goss v. Davis, 21 Ala. 479.

In the case of United States Health & Accident Ins. Co. v. Hill, 9 Ala.App. 222, 62 So. 954, the cause was brought to the circuit court from the inferior court by certiorari. Both parties appeared generally when the cause was set for trial in the latter jurisdiction and agreed to a continuance. When the case was subsequently called for trial the defendant objected to going to trial because notice of the certiorari had not been served upon him. This court held that, after the general appearance and the agreement to continue the cause, the objection came too late.

The case of Ex parte McDanal, 32 Ala. App. 445, 27 So.2d 504, certiorari denied 248 Ala. 273, 27 So.2d 507, involved the question of laches. However, in response to the review we observed that it did not appear that there was an appearance of the parties in the circuit court before the motion to quash the writ of certiorari was filed. We held that if there had been this would have constituted a waiver to file the motion at a subsequent time.

It is conducive to fairness and the orderly administration of our court procedures that motions of the kind of instant concern should be seasonably made. Undue delays in matters of this character and purport should not be sanctioned by our courts.

It is ordered that the writ of mandamus be and the same is hereby denied.

Writ denied.