115 So.2d 518

**Ex parte Mrs. Hester A. COOK.**

**6 Div. 388.**

Supreme Court of Alabama.

Nov. 5, 1959.

Brobston, Jones & Brobston, Bessemer, for petitioner.

Brown & Brown, Bessemer, for respondent.

LIVINGSTON, Chief Justice.

This is an original petition for alternative writ of mandamus directed to Honorable E. L. Ball, as Judge of the Tenth Judicial Circuit, Bessemer Division, in Equity, to require him to set aside his final decree entered in Case No. 17343, A. C. Worthy, Jr., appellant, In the Matter of Margaret Helen Worthy and Danny Joe Worthy, minors, appealed from the Juvenile and Domestic Relations Court of Jefferson County, Alabama (Bessemer Div.), and to dismiss the appeal on the ground that the circuit court had no jurisdiction of the appeal because the record failed to show that the appeal was taken within ten days, as provided by Title 62, Sec. 307, Code of Alabama 1940.

The proceedings below were initiated by the filing by petitioner, Mrs. Hester A. Cook, in the Juvenile and Domestic Relations Court of Jefferson County, Bessemer Division, a petition for the custody of her minor grandchildren, Margaret Helen and Danny Joe Worthy, age eight and six, respectively, whose parents had been killed.

The petition was tried in the Juvenile and Domestic Relations Court in Bessemer, and a final decree in said cause, on August 22, 1958, awarded the minor children to their uncle and aunt, Mr. and Mrs. A. C. Worthy, Jr., of Bessemer, for ten months each year, and to the petitioner, Mrs. Hester A. Cook, of near Fyffe, DeKalb County, Alabama, two months of each year, from June 16th to August 16th.

As before stated, Mrs. Hester A. Cook appealed to the Circuit Court of Jefferson County, Alabama, in Equity.

The bond of appeal is undated, and shows to have been approved by the Judge of the Juvenile and Domestic Relations Court on September 17, 1958. Other than its approval, nothing appeared in the Juvenile and Domestic Relations Court's record to show its filing or date.

No attempt was made by petition to take advantage of any defect, if any, in the appeal bond, its filing, nor in the appeal itself. And as stated, on November 22, 1958, Judge Ball awarded the custody of the minor children to Mr. and Mrs. A. C. Worthy, Jr.

To the petition filed here, Judge Ball waived issuance of rule nisi and interposed demurrers to the petition.

Circuit Court Rule 13, Title 7, Appendix, p. 1027, Code of Alabama 1940, provides:

"A motion to quash an attachment, appeal, or process, must be made at the first session at which it can be made, and not afterwards."

The Court of Appeals, in Ex parte Wilson, 37 Ala.App. 492, 70 So.2d 829, held that an agreement to a continuance in the circuit court by the petitioner for mandamus had waived objections to his opponents' alleged failure to timely perfect an appeal. In the opinion, the Court of

Appeals correctly stated the rule in that case, and it is applicable here for the simple reason that no objection was made to the proceedings in the Circuit Court of Jefferson County, Alabama, until after a hearing on the merits and a decision rendered by that court. The citation of authorities in Ex parte Wilson, supra, are applicable to this case, and we see no good reason for discussing it further.

The petition for mandamus is denied.

Denied.

LAWSON, STAKELY and MERRILL, JJ., concur.